33391. ATLANTIC COAST LINE RAILROAD CO. *v.* ROWE.

MACINTYRE, P. J. Under the presumptive negligence statute (Code § 94-1108), which provides: "In all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of locomotives or cars of such companies shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the companies in reference to such injury," the burden of proof, once the plaintiff makes out a prima facie case, does not shift to the defendant, but remains with the plaintiff, as imposed by his pleadings, throughout the entire trial, to establish his right to recover by a preponderance of the evidence; and, where the defendant railroad company has produced *some* evidence contrary to each of the alleged acts of negligence testified to on behalf of the plaintiff, it is reversible error, in the absence of corrective instructions elsewhere in the charge, for the court to charge the jury: "Now, gentlemen, I charge you in this case that when it is shown that livestock is killed by the railroad company that the burden shifts to the defendant railroad company to show by a preponderance of the evidence in the case that it, by and through its servants, agents, and employees in charge of the train have exercised ordinary care and diligence to prevent the injury and damage." *Atlantic Coast Line R. Co.* v. *Thomas,* 83 Ga. App. 477 (64 S. E. 2d, 301); *Atlantic Coast Line R. Co.* v. *Rowe,* 83 Ga. App. 540 (64 S. E. 2d, 216) (which is identical upon its facts and controlling upon this case), and citations.

The court erred in overruling the motion for a new trial containing the single special ground assigning error upon the charge quoted above.

*Judgment reversed. Gardner and Townsend, JJ., concur.*

DECIDED APRIL 16, 1951.

*S. Spencer Bennet, Jackson & English, T. K. Vann Jr.,* for plaintiff in error.

*Jon P. Knight, George Jordan, Gibson & Maddox,* contra.