## 36201. CENTRAL OF GEORGIA RAILWAY COMPANY v. HESTER.

DECIDED MAY 17, 1956—REHEARING DENIED JULY 17, 1956.

234

*James K. Rankin, Powell, Goldstein, Frazer & Murphy,* for plaintiff in error.

*Dudley Cook, Joe Parris,* contra.

GARDNER, P. J. Originally there were several assignments of error but there is only one assignment of error insisted on before this court and that is as to an excerpt from the charge of the court as follows: "By statute in this State, proof of injury by a locomotive or other vehicle being operated for hire raises the presumption that the operator was wanting in ordinary care and constitutes prima facie evidence of want of reasonable skill and care on the part of such operator. Proof of injury is sufficient to authorize a recovery by the plaintiff, nothing else appearing. However, if you find from the evidence adduced upon the trial that the servants of this defendant were free from negligence, that would raise an issue for you to determine. Such evidence would shift the burden of proof from the defendant

back to the plaintiff. Whether the evidence justifies a finding that the defendants were wanting in due care and failed to employ reasonable skill in the operation of the locomotive is a question of fact for your determination."

Prior to 1929 (Ga. L. 1929, p. 315; Code § 94-1108), it was the law in this State that when damage was occasioned by the operation of common carriers (locomotives, etc.), all the plaintiff had to do to make out a case for recovery was to prove that the damage was occasioned by the operation of such common carrier. In Western & Atlantic R. Co. v. Henderson, 279 U. S. 639 (49 Sup. Ct. 445, 73 L. ed. 884), it was held that such provision was unconstitutional. The law as now prevails in this State is to this effect, that when it is proved that the damage was occasioned because of the operation of trains, the presumption arises that the railroad company is liable, but the railroad company may rebut this presumption by introducing evidence to show that it was not liable. That is what is known to our law as the shifting of the burden of procedure from the plaintiff to the railroad company. It is generally known to our law as the shifting of the burden of evidence. If the plaintiff sets up in the petition other allegations of negligence than the mere fact that the damage was occasioned by other acts of negligence of the defendant than the operation of its trains, the defendant must in some way put up evidence in its behalf to show that the defendant is not liable for any reason which it may show. Among those reasons is that even though the defendant was guilty in some manner or other of the acts of negligence alleged by the plaintiff, nevertheless the plaintiff would not be entitled to recover, because by the exercise of ordinary care he could have avoided the negligence of the defendant. This substantially and briefly sets up the situation in the present case. There has been considerable said on this question of shifting the burden of procedure by both this court and the Supreme Court. We do not see any necessity or benefit to be derived from dealing with these cases separately.

We might state here that the burden of proof which rests with the plaintiff to prove his case remains with him throughout the trial and is never cast upon the defendant except in certain specified instances. We will not deal with all of them but as illus-

trative of what we mean to say here, it is similar to a situation where the defendant admits a prima facie case and assumes the burden of proof. In the instant case the defendant never admitted a prima facie case, thus relieving it of having throughout the trial any such burden.

In the instant case it can hardly be said with any degree of persuasion that the charge here complained of is not erroneous. See in this connection *Atlantic Coast Line R. Co.* v. *Thomas,* 83 *Ga. App.* 477, 485 (64 S. E. 2d 301); in which this court went fully into this question and in reversing the case said: "It cannot safely be said in the present instance that in its context the words 'burden of proof' meant burden of evidence and that it did not mislead the jury." See also to the same effect *Atlantic Coast Line R. Co.* v. *Rowe,* 83 *Ga. App.* 733 (64 S. E. 2d 689) and *Neville* v. *National Life &c. Co.,* 36 *Ga. App.* 8 (135 S. E. 315. It will be noted in the excerpt from the charge complained of that the court stated that the burden shifted from the defendant to the plaintiff. We cannot say that the jury might not have inferred that the burden of proof in the case was at that time on the defendant. If it were not on the defendant it could not shift from it back to the plaintiff. It had never shifted in the instant case to the defendant. The burden of procedure or the burden of introducing evidence was all that could shift back to the plaintiff. The plaintiff in support of his contention that the instant case should be affirmed calls to our attention *Georgia, Southern & Florida R. Co.* v. *Wilson,* 93 *Ga. App.* 94 (91 S. E. 2d 71). We have carefully studied this case in which the writer participated and we find nothing that would justify us in affirming the instant case. Counsel also cite *Atlantic Coast Line R. Co.* v. *Carver,* 81 *Ga. App.* 26 (57 S. E. 2d 692). In that case this court did not hold that the burden of proof shifted from the defendant to the plaintiff but simply held that the burden of producing evidence was upon the defendant. Headnote 1 of that decision reads: "The prima facie presumption of want of reasonable skill and care on the part of the servants of railroad companies which arises upon proof of injury inflicted by the running of their locomotives or cars disappears upon the introduction of some evidence showing absence of such negligence. The burden of proof then shifts to the plaintiff to show such

negligence as will authorize recovery. See Code § 94-1108; *Jones* v. *Powell,* 71 *Ga. App.* 202 (30 S. E. 2d 446)."

Counsel for the plaintiff call our attention to *McKemie* v. *McKemie,* 76 *Ga. App.* 212, 214 (45 S. E. 2d 456), wherein it is said: "In *Hawkins* v. *Davie,* 136 *Ga.* 550, 551 (71 S. E. 873), it is said: 'The use of the expression "burden of proof" in a dual sense, sometimes as indicating the burden of establishing the case as a whole, and sometimes as indicating the burden of the evidence during the progress of the trial, or that certain evidence will make out a prima facie case or will serve prima facie to establish a given fact, if not rebutted, has created no little confusion.'

"It is evident that the expression 'burden of proof' as used in the italicized excerpt of the above-quoted charge was used in one of the dual senses referred to in the *Hawkins* case, supra, as indicating the 'burden of evidence' for the judge in his charge had immediately preceded this expression, 'burden of proof', with the instruction that certain evidence will make out a prima facie case. This expression, according to the *Hawkins* case, supra, is another dual expression used in the sense of 'burden of evidence.' The meaning of these two expressions is made plain by their context, and we think they were not misconstrued and were not calculated to mislead the jury as to what the true law is as contended by the defendant." In studying that case we find that it is merely stated that the burden of proof as applied to the facts of a given case under its facts has a dual meaning. One of those meanings applies to the ultimate burden of proof which rests with the plaintiff from the beginning throughout the trial of the case. The other dual meaning applies where the burden of procedure or burden of introducing evidence shifts from one party to the other. When we analyze it from this viewpoint, and we must do so under the facts of that case, it ceases to present any complicated question. Our attention is called to *Allied Egg & Poultry Co.* v. *Jocie Motor Lines,* 91 *Ga. App.* 725 (87 S. E. 2d 172). A study of the facts in that case does not require reversal in the instant case. We wish to call attention to *Department of Revenue* v. *Stewart,* 67 *Ga. App.* 281 (4) (20 S. E. 2d 40) wherein this court said: "The term 'burden of proof' has a dual meaning: (a) Generally, the burden of proof

rests where the pleadings place it; this is recognized as the burden of pleadings, and remains thus placed throughout the trial. (b) The burden of testimony or evidence is shifting, and, during the progress of a trial may alternately shift on facts or issues from one party to the other. As to the burden of pleadings, the trial court has no discretion; it is a matter of law. As to the burden of testimony or evidence, he has a discretion to determine whether or not the evidence produced, together with attending rules of presumption and procedure, under the particular case, has shifted it."

The court erred in overruling the defendant's amended motion for new trial.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*