## 41851. BIBB TRANSIT COMPANY v. EARLY.

BELL, Presiding Judge. Paul K. Early, Jr. sued Bibb Transit Company for damages for personal injuries that he sustained in a collision involving a bus driven by defendant's servant and an automobile driven by plaintiff. Plaintiff alleged that defendant's servant negligently drove the bus into the rear of plaintiff's automobile. In its answer defendant alleged as defenses plaintiff's negligence and failure to avoid the consequences of defendant's negligence if any. The trial, which took place prior to the effective date of Section 17 of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 31), resulted in a verdict and judgment for plaintiff. All enumerations of error related to the trial judge's instructions to the jury.

1. The court charged: "Should you find from the evidence that the plaintiff's damages were proximately caused by his own negligence and that the defendant was not negligent in causing the plaintiff's damages . . . then the plaintiff cannot recover in this case, and it would be your duty to find for defendant." The charge given is not subject to the same criticism as the charges discussed in *Georgia R. &c. Co. v. Bryans,* 35 Ga. App. 713 (1) (134 SE 787) and *Southern R. Co. v. Blanton,* 59 Ga. App. 252, 254 (200 SE 471). The charges in question in those cases implied that defendant was not liable only if he was not negligent. *Lewis v. Williams,* 78 Ga. App. 494, 502 (51 SE2d 532). That implication is not present in this case. The charge here indicated that defendant would not be liable if his negligence did not cause plaintiff's injuries. This charge was not error.

2. The second and sixth enumerations of error complain of other excerpts from the court's charge which defendant contends eliminated the requirement of law that defendant's negligence must have been a proximate cause of plaintiff's injuries before

plaintiff would be entitled to recover and permitted the jury to return a verdict against defendant even if defendant's negligence was not a proximate cause of plaintiff's injuries. In reviewing these grounds the charge to the jury must be considered as a whole and each part considered in connection with every other part of the charge. *Mendel v. Pinkard,* 108 Ga. App. 128, 134 (132 SE2d 217) and citations. In defining actionable negligence and again in charging the jury on burden of proof the court made it clear to the jury that plaintiff would not be entitled to recover unless defendant's negligence was the proximate cause of plaintiff's injuries. When the charge is considered as a whole, it is clear that neither of the excerpts considered in this division of the opinion could have misled the jury to believe they might find for plaintiff even if defendant's negligence was not the proximate cause of the plaintiff's injuries. "It is not necessary for the trial judge to resort to needless repetition of a word or rule of law in charging on every other related subject, if he makes it clear in his instructions to the jury that such word or rule is applicable to every phase of the case to which it is appropriate." *Steinmetz v. Chambley,* 90 Ga. App. 519, 529 (6) (83 SE2d 318).

3. In *Jackson v. Matlock,* 87 Ga. App. 593, 595 (4) (74 SE2d 667), it was held: "The trial court erred in charging that, if the jury should find that the plaintiff and the defendant were equally negligent, the plaintiff would not be entitled to recover, without instructing the jury in connection therewith that the negligence of the plaintiff which would bar his recovery under such rule must have proximately contributed as a cause of the injury received by plaintiff." See also *Noland v. England,* 101 Ga. App. 306 (4) (113 SE2d 649); *Powell v. Mauldin,* 102 Ga. App. 606 (1) (117 SE2d 234). However, this ruling has no application where the court, in charging on comparative negligence, refers "to the negligence of the plaintiff and the defendant as negligence 'which contributed to plaintiff's injury.' " *Baldwin Processing Co. v. Georgia Power Co.,* 112 Ga. App. 92, 95 (9) (143 SE2d 761). The charge complained of in the fifth enumeration was not error.

4. The third enumeration complains of the trial court's refusal to give in charge the exact language of requests to charge made by defendant and complains that statements which the court added in several places in giving the requests were

erroneous statements of plaintiff's contentions. As shown by the record the typewritten requests contain certain handwritten intercalations. The record does not disclose, however, who made the additions in handwriting. We must accept the requests as they appear in the record as being in the form submitted to the judge, and thus, it appears that the court did give in charge the exact language of the requests.

5. The fourth enumeration, which complains of the court's charge "that though the plaintiff might have been guilty of negligence as a matter of law, that fact, if it be a fact, would not necessarily preclude a recovery by plaintiff," is without merit.

6. The trial court charged the jury with respect to the following kinds of damages: (1) pain and suffering, including diminished capacity to work and labor (2) loss of earning capacity and (3) "lost time from work." By the terms "lost time from work" the jury could not have understood otherwise than that the trial court was authorizing them to award damages for loss of definite earnings, and this is a legitimate item of damages separate and distinct from the first two items. See *Porter v. Bland,* 105 Ga. App. 703, 709 (125 SE2d 713). The charge here did not erroneously confuse damages for loss of definite earnings with damages for diminished capacity to labor as an element of pain and suffering.

7. The gist of the eighth enumeration is that the court's charge authorizing the jury to award plaintiff damages for diminished earning capacity was not authorized where the plaintiff did not in his pleadings seek this element of damages as special damages. "The future effect of the injuries is not special damages which must be alleged, but general damages which necessarily flow from injuries received." *Bibb County v. Ham,* 110 Ga. 340 (35 SE 656). As this element of damages was shown by the evidence and need not have been specifically alleged, the charge was not error.

8. The ninth enumeration is without merit. If the defendant desired further instructions as to the damages recoverable with more particular reference to proximate cause, it should have so requested.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*

Argued March 9, 1966—Decided June 24, 1966.

*Miller, Miller & Miller, Wallace Miller, Jr.,* for appellant.
*Edward F. Taylor, G. Gus Jones, Neal D. McKenney,* for appellee.