## 42554. BENECKE v. BOYER.

Per Curiam. The appellee filed a motion to dismiss the appeal on the ground that appellant failed to file the transcript of the evidence within thirty days after filing the notice of appeal, and failed to apply to the trial judge for an extension of time for filing the transcript. The record is

witness to the truth of the facts asserted in the motion and shows that the trial judge did not exercise his discretion by entering an order granting an extension. See *Code Ann.* §§ 6-804, 6-806.

Under the facts recited in the motion as borne out by the record "the present case is one that this court can not consider because of the failure to follow the mandatory provisions of the Appellate Practice Act regarding the filing of the transcript." *Davis v. Davis,* 222 Ga. 579 (151 SE2d 123).

The clear mandate of the *Davis* case is not affected by the affidavit of the court reporter in this case containing the averment: "That due to an unusually large volume of orders for court transcripts on motions for new trial, as well as to the large number of cases requiring his presence in court, the transcript in the above stated case was not filed within the statutory time limit. That the responsibility for the delayed and late filing of said transcript rests upon this affiant alone, and that no fault or blame in this respect should be attached or imputed to counsel for plaintiff in error, counsel for defendant in error, or to any of the parties at interest in said case."

The appellee's motion to dismiss the appeal is granted and the appeal is

*Dismissed. Bell, P. J., Jordan and Pannell, JJ., concur.*

ARGUED JANUARY 6, 1967—DECIDED JANUARY 25, 1967.

*George & George, William V. George,* for appellant.
*Lokey & Bowden, Glenn Frick,* for appellee.