### 42265. PALMER et al. v. STEVENS.

BELL, Presiding Judge. While crossing a street at nighttime, pedestrian Willie Palmer was struck down by an automobile driven by defendant Rachel Stevens. Palmer's injuries caused his death two days later. His children, by next friend, and his administrator filed these suits to recover for wrongful death and necessary expenses. The trial court sustained defendant's special demurrers to certain allegations of negligence in both petitions. In response to the court's ruling on the demurrers, plaintiffs recast their petitions, omitting the matter as to which the demurrers were sustained. On trial of the cases the jury returned verdicts for the defendant. Plaintiffs took these appeals from the judgments entered on the verdicts.

1. An Act approved March 10, 1966 (Ga. L. 1966, pp. 451-452) amended *Code* § 81-1001, adding to it the following provision: "Either party who amends or attempts to amend his petition or other pleadings in response to an order or other

ruling of the court shall not be held to have waived his objection to such order or ruling, but may thereafter take' exception thereto as in other cases." Compare, *Adamson v. Maddox,* 111 Ga. App. 533, 534 (1) (142 SE2d 313). Although the trial court made its ruling on defendant's demurrers prior to the Act of 1966, a reviewing court should apply the law as it exists at the time of *its* judgment, rather than the law prevailing at the time of the judgment under review, where application of the new law will impair no vested rights under the prior law. *City of Valdosta v. Singleton,* 197 Ga. 194, 208 (28 SE2d 759) and citations; *Fulton County v. Spratlin,* 210 Ga. 447 (2) (80 SE2d 780). We must therefore pass upon plaintiffs' exceptions to the sustaining of defendant's demurrers.

2. Subparagraph 18 (e) in both petitions charged that defendant was guilty of negligence "In failing to drive at an appropriate reduced speed when approaching and going around a curve, and when approaching a hillcrest, and when approaching a pedestrian upon said roadway, which is in violation of Code [Ann.] section 68-1626 (c) [Section 48 (c) of Ga. L. 1953 (Nov.-Dec. Sess.) pp. 556, 577] and is negligence per se."

The trial court sustained defendant's demurrers to portions of this allegation on several grounds, "The gist of the violation of the statute . . . is driving at a speed greater than is reasonable and prudent under all the circumstances. . . To find such a violation of *Code Ann.* § 68-1626 to be negligence per se, a finding of common law negligence must first be made. *Grayson v. Yarborough,* 103 Ga. App. 243, 247 (119 SE2d 41)." *Stanley v. Squadrito,* 107 Ga. App. 651, 655 (131 SE2d 227); *Phillips v. Howard,* 109 Ga. App. 404, 409 (136 SE2d 473). Plaintiffs had also alleged in their petitions (Subparagraph 18 (g)) that defendant was guilty of negligence "In operating said vehicle at a speed which was greater than reasonable and prudent under the conditions prevailing," and this allegation was retained in the recast petitions. As Subparagraphs 18 (e) and 18 (g) were substantially similar, one of them was merely superfluous and added no benefit to plaintiffs. Thus, while the court technically erred in sustaining defendant's imperfect special demurrers to Subparagraph 18 (e) of the petitions, nevertheless the elimination of a part of this paragraph, if error, was harmless to plaintiffs.

3. Subparagraph 18 (k) of the petitions charged that defendant was negligent "In failing to steer said vehicle to the left and thereby avoid striking" Willie Palmer. This specification of negligence sought to inject into the cases the theory of last clear chance, and it was an essential part of plaintiffs' pleadings only insofar as that theory was applicable in the cases. Under the last clear chance theory, as applied in Georgia, it is only where the defendant *knows* of the other person's perilous situation and realizes or has reason to realize the other's helpless condition, that defendant is charged with a duty of using with reasonable care and competence his then existing ability to avoid harming the other person. *Southland Butane Gas Co. v. Blackwell*, 211 Ga. 665, 670 (88 SE2d 6) ; *Carr v. John J. Woodside Storage Co.*, 103 Ga. App. 858, 859 (120 SE2d 907), rev. on another point 217 Ga. 438. The undisputed evidence in these cases disclosed that defendant did not discover Willie Palmer's presence on the highway until she had hit him. While defendant might have been found negligent in failing to keep a proper lookout ahead and in failing to anticipate Willie Palmer's presence on the highway, nevertheless, in the absence of knowledge that Palmer was there, the evidence did not authorize a finding of negligence based on the last clear chance theory. Under these circumstances, specifications alleging that defendant was negligent in failing to keep a proper lookout ahead and in failing to anticipate Palmer's presence on the highway, together with other specifications retained in the recast petitions, afforded plaintiffs a complete basis in their pleadings for findings as to all the particular acts of negligence which could be proved. In this status of the evidence, which we are authorized to consider in passing on special demurrers (*Fidelity & Deposit Co. v. Norwood*, 38 Ga. App. 534, 541 (144 SE 387)), it is obvious that plaintiffs were not harmed by the trial court's rulings sustaining defective special demurrers to Subparagraph 18 (k) of the petitions and causing the elimination of this allegation.

4. Subparagraphs 18 (1) and 18 (m) of the petitions contained general averments of negligence, and were mere surplusage. Where plaintiffs retained in their recast petitions particular averments of negligence, it was not harmful error to eliminate these general allegations.

It was not harmful error on special demurrer to eliminate Sub-

paragraph 18 (n) of the petitions, which charged that defendant was negligent "In failing to use her sense of sight to insure safe operation of said vehicle," where plaintiffs retained in their recast petitions an allegation that defendant was guilty of negligence "In failing to keep a diligent and proper lookout ahead."

5. The sixth enumeration complains that during the course of the trial the court expressed an opinion on the evidence. The record discloses that when the judge made the remarks in question, plaintiffs' counsel failed to object or move for mistrial. When the court, in a colloquy with counsel makes remarks which are prejudicial or indicate an opinion upon the merits of the case, proper objection, or a motion for mistrial should be made at the time of the occurrence; in the absence of timely objection or motion for mistrial the allegedly offensive matter cannot be urged for the first time as a ground in error proceedings. *Moore v. McAfee*, 151 Ga. 270, 275-276 (11) (106 SE 274); *Royal Crown Bottling Co. v. Stiles*, 82 Ga. App. 254, 262-265 (3) (60 SE2d 815); *Head v. Pollard Lumber Sales*, 88 Ga. App. 757, 759 (2) (77 SE2d 827); *Lumberman's &c. Alliance v. Jessup*, 100 Ga. App. 518, 533 (5) (112 SE2d 337); *Darby v. McNelley*, 103 Ga. App. 570, 571 (2) (120 SE2d 153); *Flanigan v. Reville*, 107 Ga. App. 382, 383 (5) (130 SE2d 258); *Wood v. Hamilton*, 109 Ga. App. 608, 610 (2) (137 SE2d 61); *Mitchell v. Gay*, 111 Ga. App. 867, 874 (143 SE2d 568). The sixth enumeration will not be considered.

6. The trial court did not err in allowing defendant to examine Stella Palmer as a witness. The record shows that plaintiffs' counsel invoked the "rule" for sequestration of defendant's witnesses. Assuming, without deciding, that the rule was applicable to Mrs. Palmer and assuming that she remained in the courtroom during progress of the trial and heard the testimony of other witnesses, these circumstances would not render her testimony incompetent. "Where witnesses have been separated at request of counsel, a person not sworn and sequestered, but who has remained in the courtroom and heard the testimony in the case, is still competent to testify as a witness in the cause. If he has been purposely kept in the courtroom in disobedience of the orders of the court, with knowledge of the fact that he was to be used as a witness, the fact that he has heard the

testimony goes to his credit . . . but it is error to refuse to allow him to testify, unless the party offering him has expressly waived the right to use the witness." *Howard v. Echols,* 31 Ga. App. 420 (1) (120 SE 815); *Metropolitan Street R. Co. v. Johnson,* 90 Ga. 500 (4) (16 SE 49).

7. Evidence offered by plaintiff to show the amount of money which the deceased contributed each month to the children's support was irrelevant. See *Central of Ga. R. Co. v. Prior,* 142 Ga. 536, 537 (83 SE 117); *Western & A. R. v. Gray,* 172 Ga. 286, 305 (157 SE 482); *Seaboard A. L. R. Co. v. Young,* 40 Ga. App. 4, 8 (148 SE 757). It was not error to exclude this evidence.

8. The ninth enumeration complains that the court erred in allowing defendant's counsel to argue certain improper matter over plaintiffs' objection. The alleged improper argument is nowhere included in the transcript before this court. Section 10 (d) of the 1965 Appellate Practice Act (Ga. L. 1965, pp. 18, 24; *Code Ann.* § 6-805 (d)) contemplates that all proceedings on trial which may be called in question on appeal (including all colloquies, arguments to the jury, objections and rulings of the court) shall be included in the written transcript of the proceedings in the trial court. This section declares it to be the intention of the Act "that all these matters appear in the record rather than in assignments of error on appeal or otherwise." The provisions of the Act as to the preparation and filing of the transcript are construed as mandatory. *Davis v. Davis,* 222 Ga. 579, 581 (151 SE2d 123); *Benecke v. Boyer,* 115 Ga. App. 99 (153 SE2d 668). This court cannot consider questions with respect to proceedings on the trial which are merely related in the enumeration of errors but are not incorporated in a properly authenticated transcript as required by the Act.

9. The tenth enumeration complains that the court erred in charging the jury, "If there is a conflict in the speed sign as placed and as to the ordinance of the City of Norcross . . . the defendant would be entitled to rely upon the published speed limit as existed at the time of this occurrence." The evidence showed that the municipal ordinance referred to sought to establish a maximum speed limit of 30 miles per hour at the place where the collision occurred. The sign, which defendant had passed just prior to the collision, indicated a maximum speed limit of 35 miles per

hour. This charge of the court was correct and applicable under the evidence in these cases. Section 50 (a) of an Act of 1953 (Ga. L. 1953, Nov. Sess., pp. 556, 579; *Code Ann.* § 68-1628 (a)) provides that municipal authorities may determine and declare a reasonable and safe lawful speed limit on streets or highways in their jurisdictions "which shall be effective . . . when appropriate signs giving notice thereof are erected." The clear import of the language of the statute is that a municipal ordinance seeking to establish a maximum speed limit different from the maximum limits permitted under the Act of 1953 as amended, is effective to accomplish that purpose only when it is implemented by the placement of appropriate signs publishing the limit. Thus in the absence of a sign giving notice to defendant that the speed limit was 30 miles per hour in the area where she was traveling, the ordinance was not controlling. Proof that a speed-limit sign existed at a given spot and that a driver disobeyed it, constitutes prima facie evidence of a violation of law, without showing that the sign was official or by whom and by what authority the sign was erected. *Code Ann.* § 68-1610 (c); *Noland v. England,* 101 Ga. App. 306 (4) (113 SE2d 649); *Fields v. Jackson,* 102 Ga. App. 117, 125-126 (115 SE2d 877). Conversely, a driver must be entitled to assume that he is not exceeding the maximum speed limit when he drives in obedience to the sign, although the sign indicates a higher limit than that provided by valid ordinance.

10. The record reveals that the charge complained of in the eleventh enumeration was requested by plaintiffs. This ground is without merit. *Laing v. Bodiford,* 25 Ga. App. 460 (103 SE 743).

11. The twelfth enumeration alleges that the court erred in giving in charge one of defendant's requests, the objection to which was that the court, in referring to the collision as an "unfortunate occurrence," expressed its opinion that the collision was an accident in the legal sense. The twenty-third enumeration alleges that the court erred in another portion of the charge, for the same reason, in referring to the collision as an "accident." These grounds do not show error. While the use of the terms "unfortunate occurrence" and "accident" may not have been techincally precise, nevertheless they were apparently used to denote "injury," and

they must have been so understood by the jury. *Ivey v. Louisville &c. R. Co.*, 18 Ga. App. 434, 435 (3) (89 SE 629); *Wilson v. Harrell*, 87 Ga. App. 793, 794 (1) (75 SE2d 436). This is true notwithstanding that the court also charged on the theory of accident, especially where in the portion of the charge complained of it was clear that the court was merely relating defendant's contentions. See *Butler v. Central of Ga. R. Co.*, 41 Ga. App. 115, 118 (4) (151 SE 834), where the court wrote, "If we make due allowance for the presumed intelligence of jurors, we must conclude that they, like other men, will understand that a word may be used in different senses in the same discourse, and that, too, in phrases or sentences in close position to each other. In the excerpt last quoted . . . 'accident' was evidently used in the sense of injury."

12. The record discloses that the court did not give in charge to the jury the matter alleged in the thirteenth enumeration or the theory of sudden emergency as alleged in the sixteenth enumeration. These grounds are either reckless or deliberate misstatements by counsel to this court and are entirely without merit.

13. The court did not err in charging "that an accident is an occurrence or an event which is not proximately caused by negligence attributable to either of the parties, but instead arises from an unforeseen or unexplained cause. An accident may also indicate a happening which, although not wholly free from negligence by some person, was not proximately caused by failure of either of the parties to exercise ordinary care in the situation." *Pickering v. Wagnon*, 91 Ga. App. 610, 614-615 (86 SE2d 621). The charge on the theory of accident was authorized by the evidence in these cases. See *Richter v. Atlantic Co.*, 65 Ga. App. 605, 609 (16 SE2d 259.

14. Section 17 (a) of the 1965 Appellate Practice Act (Ga. L. 1965, pp. 18, 31; *Code Ann.* § 70-207 (a)) provides in part: "Except as otherwise provided in this section, in civil cases, no party may complain of the giving or the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection." On the trial plaintiffs objected as follows to the court's charging defendant's fifth request: "We contend that this charge

places a greater burden upon the plaintiffs or the decedent, to avoid consequences, and does not follow by stating that the defendant is under the same duty to avoid consequences of a person in her view that is caught in this situation." Although on appeal plaintiffs argue additional grounds of objection to this charge, review of the charge enumerated as error is limited under *Code Ann.* § 70-207 (a) strictly to the ground of objection stated on the trial. *Georgia Power Co. v. Maddox,* 113 Ga. App. 642, 643-646 (149 SE2d 393). Under the evidence in this case, the court's charge on the avoidance doctrine was not incomplete because of the court's failure to include therewith a charge on the doctrine of last clear chance as applied to defendant's conduct. See Headnote 3 of this opinion. Other instructions fully covered defendant's duty to anticipate the presence of Willie Palmer on the roadway.

15. It was not error to charge "that in the absence of an allegation and proof to the contrary, the jury must assume that the deceased father of the plaintiffs was at the time of the collision under investigation a person of ordinary intelligence and that he was not laboring under any physical defect or disability which rendered him incapable of appreciating his situation and of knowing the dangers, if any, incident thereto." Every adult person is presumed to be possessed of normal mental and physical ability. *Ellis v. Southern R. Co.,* 89 Ga. App. 407, 414 (79 SE2d 541). This charge was authorized under the evidence and was not an expression of opinion of the court as contended by plaintiffs in their objection on the trial.

16. "One who knowingly and voluntarily takes a risk of injury to his person and property, the danger of which is so obvious that the act of taking such risk, in and of itself, amounts to a failure to exercise ordinary care and diligence for his own safety . . . cannot hold another liable for damages from injuries thus occasioned." *Beasley v. Elder,* 88 Ga. App. 419 (2) (76 SE2d 849) ; *Southern R. Co. v. Hogan,* 131 Ga. 157 (62 SE 64) ; *Southland Butane Gas Co. v. Blackwell,* 211 Ga. 665, 668, supra, and citations. The court's instructions on this principle were authorized where the evidence showed that Willie Palmer could have seen defendant's approaching automobile when he entered the highway and that he nevertheless proceeded across the road into its path

of travel. The eighteenth, nineteenth, and twentieth enumerations are without merit.

17. The twenty-first and twenty-second enumerations complain of portions of the court's charge to which plaintiffs failed to make any objection at all as required by *Code Ann.* § 70-207 (a). These grounds are without merit. *Georgia Power Co. v. Maddox,* 113 Ga. App. 642, 647, supra.

18. The twenty-fourth enumeration complains that the court erred in charging, "One rightfully using the highway has a right to the use thereof which is superior to one who is using the highway in violation of traffic regulations and in the absence of knowledge, they are not required to anticipate that some other user will unexpectedly create a situation of danger." The basis of this enumeration is plaintiffs' objection that the charge was incomplete "because it does not give the reverse of the situation which would favor the plaintiff just as it would the defendant." This ground is without merit. In the context of the charge as given its application was not restricted to favor either plaintiffs or defendant.

19. The twenty-fifth enumeration alleges that the court erred in giving in charge one of defendant's requests, the objection to which was that it did not state a correct abstract proposition of law. The charge was as follows: "A person is required to anticipate or foresee and guard against what usually happens or is likely to happen; but this rule does not require him to anticipate or foresee and provide against that which is unusual and not likely to happen, or in other words, that which is only remotely and slightly probable. The general test in such cases is not whether the injurious result or consequence was possible, but whether it was probable, that is, likely to occur according to the usual experience of persons. A wrongdoer cannot be held responsible according to occasional experience, but only for a result or consequence which is probable according to the ordinary and usual experience of mankind." This ground is without merit. See *Whitaker v. Jones &c. Co.,* 69 Ga. App. 711, 716 (26 SE2d 545); *Southern Mills v. Newton,* 91 Ga. App. 738, 740 (87 SE2d 109).

20. The court did not err in charging, "If the decedent . . . saw, or in exercise of ordinary care, could have seen the approaching car driven by the defendant . . . in such close proximity or driving at such a rate of speed that he

could not safely cross the roadway, but he nevertheless attempted to do so, and was killed thereby, you could consider whether or not such conduct amounted to a lack of ordinary care on the part of the decedent. . ."

21. The twenty-seventh enumeration alleges that the court erred in charging as follows: "Where an injury is the result of the negligence of the plaintiff, or when the plaintiff fails to exercise proper care for his or her own safety on discovering the negligence of the defendant, or where by the exercise of ordinary care by the plaintiff the negligence of the defendant could· have been avoided, there can be no recovery by the plaintiff; but even though the plaintiff was negligent in some manner, where the defendant's negligence also contributed to the injury and was of a greater degree than the plaintiff's negligence, the plaintiff could still recover, although recovery would be diminished in proportion to the negligence of the plaintiff compared with that of the defendant. But where the negligence of the plaintiff and defendant are equal, or the negligence of the plaintiff is greater than that of the defendant, then the plaintiff could not recover." The objection made on the trial was that the charge did not correctly state the comparative negligence rule. This charge, given in the language of *Baggett v. Jackson,* 79 Ga. App. 460, 466 (54 SE2d 146), was not error where it was apparent from this and other instructions that the negligence referred to by the court was negligence of the defendant or· of the decedent proximately causing the injury. See *Bibb Transit Co. v. Early,* 113 Ga. App. 871 (2, 3) (150 SE2d 158).

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*

Argued September 7, 1966—Decided March 14, 1967.

*Stewart, Sartain & Carey, Merritt & Pruitt, Glyndon C. Pruitt,* for appellants.

*Webb & Fowler, W. Howard Fowler,* for appellee.