389 F.2d 770
 James MIXON (H. B. Edwards, Jr., as Temporary Administrator
Upon the estate of James Mixon substituted as
party-appellant for James Mixon,
deceased), Appellant,
v.
ATLANTIC COAST LINE RAILROAD COMPANY, Appellee.
 No. 22965.
 United States Court of Appeals Fifth Circuit.
 Jan. 26, 1968.
 
 J. Lundie Smith, Valdosta, Ga., for appellant.
 Roy M. Lilly, T. Heyward Vann, Thomasville, Ga., Cam U. Young, Valdosta, Ga., for appellee.
 Before BROWN, Chief Judge, and TUTTLE and GODBOLD, Circuit Judges.
 
 BY THE COURT:
 
 1
 In our original opinion we held erroneous a charge given by the District Court on the doctrin of last clear chance under Georgia law, relying on Southland Butane Gas Co. v. Blackwell, 211 Ga. 665, 88 S.E.2d 6 (1955).
 
 
 2
 A petition for rehearing was filed by appellant to which the appellee filed no response or citation of authority. On July 11, 1967 we granted the petition for rehearing, having concluded on further study that Southland was not controlling and that the charge on last clear chance had been correct.
 
 
 3
 However, the decision of the Georgia Court of Appeals in Palmer v. Stevens, 115 Ga.App. 398, 154 S.E.2d 803 (1967), had appeared in the advance sheets a few days before we granted the petition for rehearing and was neither called to our attention nor considered by us. It stated the Georgia law to be in accord with our original opinion and cited the Southland case as authority therefor.
 
 
 4
 Appellee then filed a petition for rehearing on the authority of Palmer v. Stevens, asking that our grant of appellant's petition for rehearing be vacated. Appellant filed his opposition thereto but made no reference to Palmer v. Stevens.
 
 
 5
 Subsequently the parties notified the court that they proposed to reach a settlement and requested we hold in abeyance a decision on the appellee's petition for rehearing, to which request we acceded. The parties now have reached a settlement and have filed a joint motion to dismiss appellee's application for rehearing and remand the case to the district court for effectuation of the settlement agreed upon.
 
 
 6
 The joint motion of the parties to dismiss the appellee's petition for rehearing is granted. The order of this court dated July 11, 1967, granting a rehearing is vacated. The case is remanded to the district court for the entry of such judgment as may have been agreed upon between the parties, and, if the approval of the court is required as approved by it, and for such further proceedings and action as it deems appropriate to conclude the settlement between the parties.
 
 
 7
 Under the agreement of the parties the costs in this court shall be taxed against the appellee.
 
 
 8
 The effect of this action by us is to withdraw from our further consideration a determination of what is the present and correct Georgia law on the point in question. However, in granting the motion we make clear that under the circumstances we have described, neither of our opinions should be treated as stating the present Georgia law. That is a matter to be decided in some other case.