**Malisse BROWN, Appellant,**

v.

**SEABOARD COASTLINE RAILROAD,**
**Successor to Atlantic Coastline Railroad Company, Appellee.**

**No. 25752.**

United States Court of Appeals
Fifth Circuit.
Dec. 18, 1968.

Ralph E. Carlisle, Carlisle & Chason, Cairo, Ga., for appellant.

Roy M. Lilly, T. Heyward Vann, of Alexander, Vann & Lilly, Thomasville, Ga., for appellee.

Before BELL and MORGAN, Circuit Judges, and GUINN, District Judge.

PER CURIAM:

This diversity action was brought by Malisse Brown, appellant, against Seaboard Coastline Railroad, appellee, for damages arising out of a railroad crossing collision occurring at the Tenth Street crossing in the City of Cairo, Georgia. At the close of the presentation of evidence by petitioner, the District Court granted a motion for a directed verdict in favor of Seaboard, and it is from the granting of this motion that the petitioner alleges error.

After a perusal of the record, under the Georgia law, applying *Erie*,[1] we affirm.

There was no evidence presented at the trial of any negligence on the part of the railroad. The only two witnesses to testify were Miss Brown and Seaboard's engineer, called as an adverse witness

---

1. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

under Rule 43(b), Federal Rules of Civil Procedure. Miss Brown did not remember any of the circumstances concerning the collision except that some months earlier the Tenth Street crossing was defective,[2] and caused her to lose the muffler on this same vehicle involved in this collision. The engineer for Seaboard testified that he saw the Brown vehicle on the crossing when his locomotive was some 400 feet east of the crossing, at which time he applied his brakes, but that when the Brown vehicle moved off the tracks and cleared the crossing by 7 or 8 feet, he released his brakes. There is no evidence in the record as to how the Brown vehicle got back on the crossing and was struck.

■■ Under the undisputed evidence in the record as to the collision transpiring after the Brown vehicle had cleared the crossing by some 7 to 8 feet, the attempt of the claimant to assert negligence in maintaining the crossing and in failing to keep a proper lookout[3] could not, under the facts in the case at hand have been the proximate cause of Miss Brown's damages. Neither could the last clear chance doctrine have been applicable in the case.

■ Plaintiff attempts to invoke Georgia Code § 94–1108[4] which, in substance, is a presumption of evidence that the proof of injury by a railroad locomotive or cars is negligence or want of care on the part of the railroad company. However, under Georgia law, when any evidence is produced showing that the railroad company was not negligent, the presumption vanishes. Also, when a claimant particularizes various acts of negligence, such as the defective crossing, the presumption vanishes. Under the cases of Central of Georgia Railroad Company v. Hester, 94 Ga.App. 226, 94 S.E.2d 124, and Atlantic Coastline Railroad Company v. Sapp, 248 F.2d 889 (5 Cir., 1957), the claimant lost her presumption and the case proceeded with the burden of proof upon her to prove her case by a preponderance of the evidence, the same as a case against a non-railroad defendant.

■■ The test to be applied in diversity cases to determine the sufficiency of the evidence for submission of the

2. Ga.Code Ann. § 94–503. Upkeep and repair of crossings; bridges, embankments, and excavations.—All railroad companies shall keep in good order, at their expense, the public roads or private ways established pursuant to law, where crossed by their several roads, and build suitable bridges and make proper excavations or embankments, according to the spirit of the road laws.

3. Ga.Code Ann. § 94–507. Tolling bell in cities, etc.; lookout; observance of ordinances.—Within the corporate limits of cities, towns and villages the said railroad company shall not be required either to erect the blowpost hereinbefore provided for or to blow the whistle of its locomotives in approaching the crossing or public roads in said corporate limits, but in lieu thereof the engineer of each locomotive shall be required to signal the approach of his train to such crossing in said corporate limits by constantly tolling the bell of said locomotive, and on failure to do so the penalties of section 94–9903 shall apply to such offense: Provided further, that nothing in this section contained shall be held to relieve the said engineer or the said railroad company of his or its duty of keeping and maintaining a constant and vigilant lookout along the track ahead of its engine while moving within the corporate limits of said city, town or village, or to excuse such railroad company or such engineer from exercising due care in so controlling the movements of such trains as to avoid doing injury to persons or property which may be on such crossing within said city or within 50 feet of said crossing on the line of such railway, or for failure to observe any ordinance of such city, town, or village, which may lawfully be passed, regulating the speed at which railroad trains may be run therein.

4. Ga.Code Ann. § 94–1108:
Proof of injury prima facie evidence of want of reasonable skill and care. —In all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of locomotives or cars of such companies shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the companies in reference to such injury.

case to a jury is a matter of federal law. Equitable Life Assurance Society of United States v. Fry, 5 Cir., 1967, 386 F.2d 239, 245. Here no evidence was offered as to any act of negligence on behalf of the railroad company which might have proximately caused appellant's injuries. The engineer testified positively as to facts which exonerated the railroad from negligence. The sum of the record is that there was no direct evidence to take the case to the jury. There were no facts from which an inference might have been drawn to take the case to the jury. There was, therefore, no evidentiary basis for submission of the case to the jury.

Affirmed.

GUINN, District Judge (dissenting):

I can not concur in the majority opinion affirming this case. While the case was not fully developed and in my opinion should be before any final disposition of it, I believe that from the evidence that was offered a jury question is presented. It is agreed that the Federal Rule of sufficiency of evidence applies in this case and that rule requires that all testimony unfavorable to the Plaintiff be disregarded. We must view the evidence and all reasonable inferences most favorably to the party against whom the Motion is made. Moreover only the evidence and the reasonable inferences which support the appellant's theory may be considered. Equitable Life Assurance Society of United States v. Fry, 386 F.2d 239; Shirey v. Louisville and Nashville RR., 5 Cir., 327 F.2d 549, and Lohr v. Tittle, 10 Cir., 275 F.2d 662.

The majority state that there was no evidence of any negligence on the part of the Railroad. I can not agree with this. I believe the evidence establishes negligence in the first instance in failing to keep the crossing in question in proper repair. The record establishes that this crossing was a dangerous crossing by virtue of its construction and surrounding area. It was built in a curve and the crossing was banked.

The engineer testified that he saw the car approach the crossing, get on the crossing and stop and he put on his brakes. I quote part of the engineer's testimony—"I could see the crossing but the cars come out from behind from over the houses and I can't see the car until it gets pretty close to that crossing" and "Well, there's two roads run into this road; and then my vision is obscured; I couldn't see a car until it gets pretty close to that crossing" and "Q. What did she do? A. She drove up on the crossing and apparently she stopped; she was driving slow when she crossed that crossing and apparently she stopped. Q. On the track? A. Yes sir. Q. It's (the track) banked considably, isn't it? A. Yes sir" and "and then I began—I knocked my brakes off. *I thought the car was gone.*" It is obvious that the Plaintiff was in a perilous position and by virtue thereof the last clear chance doctrine of Georgia as set forth in Palmer v. Stevens, 115 Ga.App. 398, 154 S.E.2d 803, became applicable. There the Court stated "Under the last clear chance theory, as applied in Georgia, is only where the defendant knows of the other person's perilous situation and realizes *or has reason to realize* the other's helpless condition, that defendant is charged with a duty of using with reasonable care and competency his then existing ability to avoid harming the other person."

Certainly after Plaintiff was found in a perilous position his conduct thereafter as to whether he (the engineer) acted reasonably became a question of fact for the jury.

It is difficult to understand why or how an engineer who was keeping a proper lookout could fail to keep his eyes on a dangerous crossing of this kind and if Plaintiff did in truth and in fact get off of the crossing how he could fail to see her come back on the crossing. These are questions for a jury to decide.

Furthermore, it is certainly a jury question as to whether or not the Plain-

tiff was still in a perilous position under the circumstances when the engineer released his brakes and paid no further attention to her. There is no evidence that the Plaintiff was negligent in getting back on the crossing if she did. But it is a jury question whether or not she ever got off of the crossing.

I believe that the majority is passing on the credibility of the witnesses and the weight to be given to their testimony. The engineer is in the same position as an adverse party and the jury could accept all or any part or none of his testimony as being true.