### 43897. GAUDRY v. BRANDT.

EBERHARDT, Judge. It appeared from the pleadings and the evidence submitted in connection with defendant's motion for summary judgment that Habersham Street in Savannah (which defendant traveled in a northerly direction) was a two-laned one-way street, and that Victory Drive was an intersecting four-laned street divided by a parkway, with two lanes on the south for east bound traffic and two lanes on the

north side of the park for west bound traffic; that the intersection was controlled by traffic lights; that as defendant approached the intersection while traveling northerly on Habersham Street, the traffic lights were in his favor (green); that plaintiff was a passenger in a vehicle which was a portion of a funeral procession traveling easterly on Victory Drive, and as his vehicle approached the intersection the traffic control lights were against him (red); that the hearse and most of the funeral procession had already passed through the intersection, and no policeman or traffic officer attended the intersection for the purpose of allowing the procession to pass through on adverse lights; that as the defendant came to and entered the intersection it was clear of traffic and he proceeded into the south lanes when the vehicle in which plaintiff was riding ran the red light and struck defendant's car on the right side, plaintiff suffering some injury as a result. *Held:* The grant of defendant's motion for summary judgment was proper. We find no statute, and no ordinance was pleaded or introduced into evidence, by which vehicles in a funeral procession are exempted from the obligation to observe traffic control lights as provided in the Uniform Traffic Act, *Code Ann.* § 68-1613 (c) (1).[1] Since the testimony showed that the intersection was clear of vehicles when defendant entered the intersection, no duty was imposed by *Code Ann.* § 68-1613 (a) (1) to yield to plaintiff's vehicle when it ran the red light; nor was defendant under any duty to anticipate that plaintiff's vehicle would not observe the law. There was no officer present with authority to supersede the traffic sig-

---

[1]We do find that in New York, where the state statute on controlled intersections is substantially identical to ours, it was held that a defendant motorist having the green light was authorized to move into an intersection through a passing funeral procession if no traffic officer was otherwise regulating traffic and if the motorist could do so without unreasonably endangering another, notwithstanding that there was a city ordinance prohibiting the driving of vehicles through a funeral procession, the court asserting that the motorist was authorized to assume that a vehicle approaching the intersection "whether in a procession or not, would heed a signal which commanded it to stop." Noyes v. Rothfeld, 191 Misc. 672 (80 NYS2d 520). And see Annot. in 85 ALR2d 692.

nals in directing traffic (*Code Ann.* §§ 68-1602, 68-1612), and plaintiff's vehicle was not one in the category of emergency vehicles (*Code Ann.* § 68-1604). Nothing in the pleadings or the evidence raises a question of "last clear chance" duty on defendant's part. *Palmer v. Stevens,* 115 Ga. App. 398 (3) (154 SE2d 803).

*Judgment affirmed. Felton, C. J., and Whitman, J., concur.*

ARGUED SEPTEMBER 4, 1968—DECIDED FEBRUARY 24, 1969.

*Ryan & Yates, Andrew J. Ryan, III,* for appellant.
*Adams, Adams & Brennan, Edward T. Brennan,* for appellee.