## 56307. HILL v. COPELAND.

SHULMAN, Judge.

In the early morning twilight, plaintiff's husband was hit by a car driven by the defendant while plaintiff's husband was standing near the center line of the road and looking in a direction opposite to the direction from which defendant's car was approaching. Following plaintiff's husband's death from the injuries sustained, a wrongful death action was instituted. This appeal follows a judgment entered on a jury verdict in favor of defendant-appellee. For the reason stated in Division 3 of this opinion, we reverse the judgment.

1. Appellant asserts that the court erred in charging on assumption of the risk because such a charge was not authorized by the evidence. We find no such error.

In addition to previously noted facts and circumstances, the uncontradicted evidence shows that the deceased pedestrian was in the act of crossing the street at a point other than a crosswalk, either marked or unmarked. It was thus a jury question as to whether plaintiff's decedent had assumed a greater risk from vehicles using the main thoroughfare than would a pedestrian passing over a crosswalk. *Palmer v. Stevens,* 115 Ga. App. 398 (16) (154 SE2d 803). See also *Wright v. Bales,* 62 Ga. App. 328 (1) (7 SE2d 765). Contrary to appellant's contention, the charge was not improper because there is no evidence that the deceased pedestrian had actual knowledge of the risk. See, e.g., *Union Carbide Corp. v. Holton,* 136 Ga. App. 726, 731 (222 SE2d 105).

2. Because it is necessary to reverse this case (Division 3, infra), we need not consider appellant's contention that the trial court's repetition of certain charges constituted reversible error. But see, e.g., *Harper v. Daniel,* 133 Ga. App. 400 (5) (211 SE2d 5); and *Mullis v. Chaika,* 118 Ga. App. 11 (3) (162 SE2d 448). Such repetition of charges is unlikely to occur on retrial.

3. At the request of the defendant, the trial court charged the jury in accordance with F. L. § 68-1657 (c) (the statute in effect at the time of the incident involved herein) as follows: "Between adjacent intersections at which traffic-control signals are in operation pedestrians shall

not cross at any place except in a marked crosswalk." Appellant submits that this charge was not authorized by the evidence and constituted reversible error. We agree.

A. We reject appellee's contention that F. L. § 68-1657 (c) applies in all urban areas and requires a pedestrian to use the nearest crosswalk. The clear language of the statute militates against that interpretation.

B. The trial court charged the jury pursuant to F.L. § 68-1657 (a) (also in effect at the time of the incident involved herein) as follows: "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway. . ."

Appellee urges that the trial court's charge in accordance with F.L. § 68-1657 (c) was, at most, harmless error because, irrespective of the pedestrian-decedent's negligence under § 68-1657 (c), the undisputed evidence showed that the decedent was negligent under F.L. § 68-1657 (a).

The substance of appellant's argument is that once it was shown that decedent was negligent in some fashion, "the real issue for the jury is whether the defendant should have discovered [the pedestrian] standing motionless in a position of peril in time to have avoided hitting him." *Taylor v. Crawford,* 119 Ga. App. 262, 263-264 (167 SE2d 404). Even assuming, without deciding, that plaintiff's decedent was negligent under subparagraph (a), we must take issue with appellee's position.

Insofar as the above-cited dictum in *Taylor* may be construed to support appellee's position that if an act of negligence on the part of the pedestrian-decedent is shown, then the defendant's last clear chance is the only issue remaining for jury consideration, it is not a complete statement of the law. Even when negligence per se is shown on plaintiff's (or plaintiff's decedent's) part, if evidence of the defendant's negligence is presented, then issues of comparative negligence remain for the jury. Code Ann. § 105-603; *Reeves v. Morgan,* 121 Ga. App. 481 (7) (174 SE2d 460), revd. on other grounds, 226 Ga. 697 (177 SE2d 68); *Palmer v. Stevens,* supra, Divisions 3 and

21, wherein this court noted under circumstances similar to the instant case that the "defendant might have been found negligent in failing to keep a proper lookout ahead and in failing to anticipate [the pedestrian's] presence on the highway. . ." Id., p. 400. See also *Conner v. Mangum,* 132 Ga. App. 100 (5, 6) (207 SE2d 604). As to the "should have discovered [the pedestrian] . . . in a position of peril" language in *Taylor,* compare *Conner* and *Steiner v. Melvin,* 143 Ga. App. 97 (3) (237 SE2d 635). Thus, the question of the parties' respective negligence was a very real issue in this case.

The question before us, then, still remains: Was the trial court's charge in accordance with F. L. § 68-1657 (c) rendered harmless by the court's charge in accordance with § 68-1657 (a)? We think not.

The above-cited Code sections apply to different circumstances. F. L. § 68-1657 (c) prohibits pedestrian crossing between adjacent intersections where traffic control signals are in operation except in a marked crosswalk. F. L. § 68-1657 (a) does not prohibit pedestrian crossing at points other than marked or unmarked crosswalks; when applicable, it prohibits such crossing when a pedestrian fails to yield the right-of-way to vehicles using the roadway.

As no evidence has been cited which would authorize a finding that decedent-pedestrian was crossing "between adjacent intersections at which traffic-control signals [were] in operation" (F. L. § 68-1657 (c)), the defendant unfairly received the benefit of a charge which could have misled the jury to find that the decedent-pedestrian had violated not one (i.e., F. L. § 68-1657 (a)), but two (i.e., F. L. § 68-1657 (a) and § 68-1657 (c)) Code sections in crossing where he did.

The charge in accordance with F. L. § 68-1657 (c) could have misled the jury into finding that the decedent's mere act of crossing the street at a point other than a crosswalk was negligence per se (even when there is no violation of F. L. § 68-1657 (a)), a finding which is without evidentiary support.

Because the issue of the respective negligence of the parties was a very real issue in this case, and the court's charge on F. L. § 68-1657 (c) may have prejudicially

affected the jury's consideration of this issue, the charge as given constituted reversible error.

4. Appellant asserts that the charge on avoidance of the consequences was unsupported by the evidence. This contention is without merit.

In *Eubanks v. Mullis,* 51 Ga. App. 728 (181 SE 604), the court was confronted with a case resembling the instant case. There, a pedestrian was crossing the road between two parked cars. While the pedestrian was looking to his left for traffic and before he had time to look to the right, he was struck by defendant's car. The holding in that case is equally applicable to this case: "Where in an action for personal injuries there is a question as to whether or not the plaintiff could have avoided the injury to himself by exercising ordinary care, and the evidence does not show such conduct on plaintiff's part as to amount to negligence per se, the question as to the exercise of ordinary care is for the jury. [Cits.]" Id. p. 732. The holding in *Eubanks* is dispositive of this enumeration.

5. Appellant's argument that the court committed reversible error in charging on accident is controlled adversely to her by *Palmer v. Stevens,* supra, Division 13. See also *Pickering v. Wagnon,* 91 Ga. App. 610 (4) (86 SE2d 621).

6. Appellant submitted a timely written request to charge as follows: "If you believe from the evidence that the defendant driver was negligent in any one or more of the particulars charged by the plaintiff against the defendant, and that plaintiff's husband was killed as the proximate result thereof, then in such event it would be your duty to find a verdict for the plaintiff and against the defendant." The refusal to charge as requested is enumerated as error.

The charge as requested would have improperly removed from jury consideration the issues of assumption of the risk, comparative negligence, and avoidance of the consequences. As such, it was properly refused. See generally *Slaughter v. Linder,* 122 Ga. App. 144 (2b) (176 SE2d 450) as to refusal of requests to charge.

7. Appellant requested that the trial court charge as follows: "Ladies and Gentlemen of the jury, I charge you further that negligence may be shown by circumstances

as well as by direct testimony. [If] in considering all the surroundings and accompanying circumstances, an event is such as in the ordinary course of things would not have occurred, if the defendant had been using ordinary care, negligence may be presumed and places upon 'the defendant the burden of explaining the course of the occurrence." Citing *Cagle v. Atchley,* 127 Ga. App. 668 (5) (194 SE2d 598), it is submitted that this charge was authorized by the evidence, not covered elsewhere, and erroneously refused. Appellant's reliance on *Cagle* is misplaced.

In the instant case, the evidence authorized a finding that the deceased pedestrian was the cause of the fatality by crossing at a place other than a crosswalk when it was not safe to do so. Since it cannot be said the event was such that it would not have occurred in the absence of defendant-driver's negligence, the requested charge was properly refused. See *Sears, Roebuck & Co. v. Reid,* 132 Ga. App. 136 (207 SE2d 532). Cf. *Jackson v. Martin,* 89 Ga. App. 344 (79 SE2d 406). Compare *Cagle v. Atchley,* supra.

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 18, 1978 — DECIDED OCTOBER 30, 1978 — REHEARING DENIED NOVEMBER 28, 1978 —

*Poole, Pearce, Cooper & Smith, Robert R. Smith, Mikel L. Purcell,* for appellant.

*Savell, Williams, Cox & Angel, Henry Angel,* for appellee.