A95A2393. SILVERS et al. v. KIMBELL.
(465 SE2d 530)

BLACKBURN, Judge.

Sharron Silvers, individually, and as administratrix of the estate of Bessie Lee Mansfield, and Bobby Dean Mansfield (collectively referred to as the Estate) appeal the jury's verdict rendered for the defendant, Doyle Carlton Kimbell, Jr., in the underlying wrongful death action. As Bessie Lee Mansfield was crossing Main Street in Carters-

ville, Georgia, she was struck by a car driven by Kimbell.[1] On appeal, the Estate contends the trial court committed harmful error when it charged the jury the substance of OCGA § 40-6-92 (c) as follows: "Now, ladies and gentlemen, between adjacent intersections at which traffic control signals are in operation, pedestrians shall not cross at any place except in a marked crosswalk." The issue presented is whether the decedent was crossing Main Street at a point between adjacent intersections at which traffic control signals were operating.

The evidence presented at trial indicated that Main Street runs east and west through Cartersville. The decedent was crossing Main Street from south to north between Erwin Street, a thoroughfare to the east, and Noble Street to the west. Erwin Street is controlled by a traffic control signal; however, Noble Street dead ends on the north side of Main Street and is controlled by only a stop sign. Bartow Street is a thoroughfare across Main Street and is located to the west of Noble Street.

This diagram represents our understanding of the layout of the streets based on the evidence contained in the record. (drawing not to scale)

---

[1] She died within two weeks, from injuries she sustained in the accident.

Kimbell argues that the charge was correctly given as the intersection of Bartow Street and Main Street is adjacent to the intersection of Erwin Street and Main Street, at least on the south side of Main Street because Noble Street does not continue across Main Street. However, "intersection" is defined in OCGA § 40-1-1 (22) (A) as "the area embraced within the *prolongation or connection* of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways of two highways which join one another at, or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict." (Emphasis supplied.) Therefore, the intersection of Noble Street to Main Street intervenes between the Bartow Street and Erwin Street intersections.

In *Hill v. Copeland*, 148 Ga. App. 232, 234 (3) (250 SE2d 822) (1978), we held that giving a jury charge based upon OCGA § 40-6-92 (c) was reversible error where no evidence was presented that the "decedent-pedestrian was crossing 'between adjacent intersections at which traffic-control signals (were) in operation.' " We found that such a charge could mislead "the jury into finding that the decedent's mere act of crossing the street at a point other than a crosswalk was negligence per se (even when there is no violation of [OCGA § 40-6-92 (c)])." *Hill*, supra. As an essential issue for the jury's determination was the respective negligence of the parties, such a charge may have prejudicially affected the jury's determination.

In the present case, the evidence indicated that the decedent crossed Main Street between an intersection with a traffic control signal and an intersection with a stop sign, not between adjacent intersections at which traffic control signals were used. Therefore, the trial court erred in giving a charge based on OCGA § 40-6-92 (c).

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

Decided December 15, 1995 — 

*Wilson, Strickland & Benson, Warner R. Wilson, Jr., Samuel T. Brannan III, Greene & Greene, William B. Greene*, for appellants.

*Downey & Cleveland, Russell B. Davis, Todd E. Hatcher*, for appellee.