Coley *et al. vs.* Henry.

---

R. T. COLEY *et al.*, plaintiffs in error, *vs.* JOHN HENRY, executor, defendant in error.

A suit was instituted on a promissory note in favor of H., as the executor of S., against R. T. Coley and V. A. Coley and Westbrook as security, dated November 1, 1866, which purported on its face, to be in renewal of a note given by the Coleys to Westbrook for a tract of land, and the defendants filed a plea in which they alleged that the defendant, Westbrook, on the 13th day of December, 1859, purchased a tract of land of Smith, the plaintiff's testator, and executed his note therefore to S. for the sum of $10,000 00, and afterward, on the 14th of December, sold the same to the Coleys for the sum of $12,000 00, taking their notes for the purchase-money; that the defendant, W., prior to the 1st of November, 1866, had paid of the original consideration for the land the sum of $5,000 00, and that on the day and year last aforesaid, the Coleys, with Westbrook as security, renewed said note for the balance due for the land, and gave it to the plaintiff, which is the note now sued on. The defendants also plead loss of property sustained by the war under the provisions of the Relief Act of 1868, and offered to surrender back the land to plaintiff, and to rescind the contract upon his accounting for the improvements made thereon, and the purchase-money already paid therefor. The plaintiff demurred to the defendant's plea, which was sustained by the Court.

*Held*, That inasmuch as the defendant's plea did not set forth any equitable grounds of defense to the plaintiff's action by connecting the plaintiffs, or his testator, in any way with the loss of their property, the demurrer to the defendant's plea was properly sustained by the Court below.

The defendants also moved the Court to suspend the trial of the case under the resolution of the General Assembly, in the year 1870, suspending the proceedings of the several Courts of this State on debts and contracts made prior to the 1st of June, 1865, which motion to suspend the trial the Court overruled:

*Held*, That the resolution of the General Assembly was not a law bind-

Coley *et al. vs.* Henry.

ing on the Court, and that there was no error in the Court below, in overruling the motion to suspend the trial.

Constitutional Law. Relief. Before Judge COLE. Dooly Superior Court. April Term, 1871.

John Henry, as executor of Matthew Henry, sued said Coley and others, upon their joint and several promissory note for $7,429 03, made the 1st of November, 1866, due twelve months after date, in which it was recited that said note was in "renewal of the original note for purchase of the Smith plantation in the Third District of Dooly county, Georgia."

The defendants pleaded the general issue; that on the 13th of December, 1859, said Smith sold Westbrooks (one of said defendants) said land for $10,000 00, on the next day Westbrooks sold it to the other defendants for $12,000 00, both of said sales being on credit, and said other defendants and Westbrooks gave Smith their note for $10,000 00; before November, 1866, defendants paid about $5,000 00 on said note, and on the 1st of November, 1866, they gave the note sued on in renewal of said old note; that when they made the original contract they were worth $50,000 00, $40,000 00 of which was lost by the results of the war, and the annual income from said plantation has been of very little value, not more, after defraying expenses, than $......, that they have made on said plantation divers improvements, worth $......, and they offered to adjust said claim with the plaintiff in accordance with the provisions of the Relief Act of 1868. And they offered to surrender the plantation and account for the rents and profits, and receive credit for the improvements, and thereby rescind said purchase from Smith.

On the 4th of April, 1870, the cause was called for trial, when the defendants' counsel moved to suspend the cause because of the Stay-resolution of the 17th of February, 1870, (which see in 40th Georgia Reports, 665, and in Martin *vs.* Huson, post) and proposed to show, in addition to the facts

Coley *et al. vs.* Henry.

pleaded with regard to said note, that the note sued on was given with the express understanding that it was liable to all the defenses to which the original note was liable. The Court ordered the cause to proceed.

Plaintiff's counsel demurred to said relief pleas, because they in no way connected plaintiff or his testator with said losses, and because they showed that this note was not a renewal of the old one, but a novation. The demurrer was sustained on the first ground. Plaintiff's counsel read the note in evidence, and there being nothing else before the jury, they gave a verdict for the amount of the note sued on.

The refusal to postpone the cause, and the sustaining of said demurrer, are assigned as error.

S. HALL, PATE & RYAN, for plaintiffs in error.

P. COOK, R. F. LYON, for defendant, as to the relief plea, cited: 39th Ga. R., 668; 40th, 660. As to novation: 40th Ga. R., 656, 487.

WARNER, J.

The Court below did not err in overruling the motion to suspend the trial of the case, under the resolution of the General Assembly of 1870. That resolution was not *a law* binding on the Court. There was no error in sustaining the demurrer to the defendant's plea.

Let the judgment of the Court below be affirmed.