WALDEN, constable, v. TOWN OF WHIGHAM.

1. A building and a stock of liquors owned by a municipal corporation and operated by it as a dispensary are "public property" within the meaning of the Political Code, § 762, and, as such, are exempt from taxation by virtue of that section. This is so although the town have no legal authority to maintain and operate a dispensary.

2. Property admitted to belong to a municipal corporation, and which is either in use for the public or held for future use for the public, is not subject to levy and sale under an execution. "All property held by a municipality is presumptively for public use." Pol. Code, § 750.

Argued June 23,—Decided July 13, 1904.

Injunction. Before Judge Spence. Decatur superior court. May 10, 1904.

John C. Hart, attorney-general, and J. H. Gilpin, for plaintiff in error. R. R. Terrell, contra.

CANDLER, J. This was a petition brought to restrain the enforcement of a tax fi. fa. issued by the tax-collector of Decatur county against property of the Town of Whigham. The fi. fa. was for the collection of ad valorem taxes claimed to be due the State

of Georgia and the County of Decatur by the Town of Whigham, on certain property known as the dispensary, comprising the building in which the dispensary was conducted, as well as the wines, liquors, etc., and all other property used in connection with the dispensary. It was admitted that the dispensary was conducted by the Town of Whigham, to which the dispensary and all its appurtenances belonged, and that the profits arising from the sale of the liquors went to the municipality. On the hearing the court below granted an order restraining the enforcement of the fi. fa., and to this order the officer enjoined excepted. The sole question for our determination is whether or not the dispensary building and the stock of liquors therein contained, which it was admitted belonged to the Town of Whigham, were public property within the meaning of the Political Code, § 762, which exempts from taxation "all public property." In *Mundy* v. *Van Hoose*, 104 *Ga.* 292, the term public property as used in the code section referred to was held to mean any property belonging to the State or the political divisions thereof, such as counties, cities, towns, and the like. See also *Board of Trustees* v. *City of Atlanta*, 113 *Ga.* 883. The Town of Whigham was duly incorporated by an act approved December 23, 1896 (Acts 1896, p. 261), and is by its charter authorized "to hold all property real and personal now belonging to said town; to acquire by gift or purchase such other real estate or personal property as may hereafter be necessary for corporate purposes, and to use, manage, improve, sell and convey, rent or lease any and all of said property as may best serve the interest of said corporation." By a very remarkable piece of legislation approved December 10, 1897, it was sought to amend the charter of the town so as to authorize the establishment of a dispensary; and it is apparently by virtue of this would-be amendment that the dispensary which it is now proposed to tax was established and is being conducted. It is only necessary, however, to call attention to the fact that the amendatory measure contains no enacting clause whatever; that, aside from the title, the entire act consists of the words: "Be it further enacted, That all laws and parts of laws in conflict with this Act are hereby repealed." The proposed amendment amends nothing. In view of this fact it is clear that a dispensary conducted on no other authority than the "act" of 1897, is wholly unwarranted by law. Even if the act had been

properly drawn in its formal and necessary terminology, the General Assembly had no power to authorize the Town of Whigham to use any money derived from taxation, for the erecting or purchase of a building in which to sell liquors. Nor could the town levy any tax to purchase liquors or merchandise for the purpose of selling the same again. In this case, however, it is admitted that the town does own the property levied on, whether its ownership be legal or illegal. The fact that there is no legal authority for the operation of the dispensary does not make the dispensary building or the liquors therein stored any less the property of the Town of Whigham; and, as such, it is "public property" within the meaning of article VII, sec. 2, par. 2 of the constitution of this State (Civil Code, § 5884). Indeed, even if it be admitted that the property of the town can be subject to taxation, the enforced sale of such property to satisfy an execution of any sort is expressly prohibited by law. Pol. Code, § 750. This section, which lays down unequivocally that all property held by a municipal corporation is presumptively for public use, and that property so held shall not be subject to levy and sale under executions, would seem to be conclusive of the question under consideration.

It was urged on the hearing in this court that the last clause of section 762 of the Political Code, to wit, the proviso to the effect that the exemptions of the section should not apply to property used for purposes of private or corporate profit or income, rendered the section inapplicable to the facts of the present case. Under the ruling of this court in the case of *Trustees* v. *Bohler*, 80 *Ga.* 163, this contention can not be sustained. In that case Chief Justice Bleckley, delivering the opinion for the court, said: "The terms 'private or corporate' are employed in contradistinction to public. Public property, when productive, yields public income to the State, the county, the city or the town; but all other property enumerated is either private or corporate, and if it yields income at all, it is either private or corporate income. Public property is not taxed, whether income be derived from it or not." The paragraph of the constitution to which we have referred does not exempt any property from taxation, but permits the General Assembly to make such exemptions, laying down well-defined limits by which it shall be governed. The General Assembly might, if it saw fit, decline to exempt from taxation

certain classes of public property, such as dispensaries, and thus bring them within the taxing power of the State. It has not seen fit, however, to make any such distinctions, but has exempted from taxation "all public property." That the dispensary building and liquors were public property, whether legally acquired or not, seems to us to admit of no doubt, and, as such, they were clearly exempt from taxation. See, on this general subject, *Trustees* v. *Augusta,* 90 *Ga.* 634, 647.

*Judgment affirmed. All the Justices concur.*