## FOWLER *et al. v.* STONE *et al.*

1. The act entitled an act to amend section 2044 of the Code of 1910, by striking therefrom certain words and substituting other words specified, approved August 19, 1916 (Georgia Laws 1916, p. 41), is not void on the ground that it has no effective enacting clause.
2. Under the evidence in the case the judge did not err in refusing the injunction as prayed.

No. 1160. MAY 14, 1919.

Petition for injunction. Before Judge Wright. Walker superior court. August 28, 1918.

*O. N. Chambers* and *Henry & Jackson,* for plaintiffs.

*Rosser & Shaw,* for defendants.

BECK, P. J. The act approved August 19, 1916 (Georgia Laws 1916, p. 41), amendatory of section 2044 of the Code of 1910, is not void on the ground taken, that is, that the act contains no enacting clause. The caption of the act recites that it is "an act to amend section 2044 of the Code of 1910," which legalizes stock-law fences in certain militia districts in this State, and indicates that the provisions of this code section are to be extended to militia districts in which stock-law elections should thereafter be held, instead of confining the operation of the statute to militia districts in which such elections had been held prior to the act of 1909 upon the subject of stock-law fences, now embodied in section 2044 of the Civil Code. The amendatory act of 1916 has a caption clearly indicating the purpose of the act and the amendment to be made. It then has an enacting clause which reads in part as follows: "Section 1. Be it enacted by the General Assembly," and the words quoted are then followed by the exact provisions formerly constituting section 2044 of the Civil Code, with the change and amendment set forth in the caption inserted in the body of the enacting clause. Section 2 is the repealing clause. This was sufficient to make a valid act. It did not offend the provision of the constitution prohibiting the amendment of a code section by a mere reference to its number, but, after stating the number of the section to be amended and stating the act of the legislature from which the code section is taken, it sets forth in full the words to be stricken from the statute and the words which are to be substituted in lieu thereof, and then this is followed by the enacting clause referred to above. This differs from the act referred to in the case of

*Walden* v. *Town of Whigham,* 120 *Ga.* 646 (48 S. E. 159). The act held to be inoperative and ineffective to amend the charter of the Town of Whigham had no enacting clause at all, but had merely a caption and a repealing clause. Acts 1897, p. 363.

As held in the headnote, the refusal of the injunction to the extent sought was not error under the evidence.

*Judgment affirmed. All the Justices concur.*