23645. DAVIS v. DAVIS.

SUBMITTED SEPTEMBER 12, 1966—DECIDED OCTOBER 6, 1966.

*Cowart, Sapp, Alaimo & Gale, Robert Asa Sapp,* for appellant. *Harrison & Laseter, Robert W. Harrison, John R. Laseter, Lissner & Killian, J. J. Lissner, Jr.,* for appellee.

COOK, Justice. Motion to dismiss this appeal has been made by the appellee on the ground that the appellant failed to file the transcript of the evidence within thirty days after filing the notice of appeal, that no application was made to the trial judge for an extension of time for filing the transcript and no extension was granted, and that the transcript was not filed until more than six months after filing the notice of appeal.

The Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18-40), as amended (Ga. L. 1965, pp. 240-244; Ga. L. 1966, pp. 493-501), provides in § 11 in part as follows: "Where there is a transcript of evidence and proceedings to be included in the record on appeal, the appellant shall cause the transcript to be prepared and filed as provided by section 10 of this Act, but when the appellant has designated that the transcript not be made a part of the record on appeal and its inclusion is by reason of a designation thereof by appellee, the appellee shall cause the transcript to be prepared and filed as hereinbefore referred to at his expense. The party having the responsibility of filing the transcript shall cause it to be filed within thirty (30) days after filing of the notice of appeal or designation by appellee, as the case may be, unless the time is extended as provided in section 6. In all cases, it shall be the duty of

the trial judge to grant such extensions of time as may be necessary to enable the court reporter to complete his transcript of evidence and proceedings." Ga. L. 1965, pp. 18, 26 (*Code Ann.* § 6-806).

Section 6 provides with reference to the granting of extensions in filing the transcript: "Any judge of the trial court, or any justice or judge of the appellate court [but see Rule 7 of this court providing that this court will issue no order granting extension of time under this section] to which the appeal is to be taken may, in his discretion, and without motion or notice to the other party, grant extensions of time for the filing of (a) notice of appeal, (b) notice of cross appeal, (c) transcript of the evidence and proceedings on appeal or in any other instance where filing of the transcript is required or permitted by law, . . . Any application to any court, justice or judge for an extension must be made before expiration of the period for filing as originally prescribed or as extended by a permissible previous order. The order granting an extension of time shall be promptly filed with the clerk of the trial court, and the party securing it shall serve copies thereof on all other parties in the manner hereinafter prescribed." Ga. L. 1965, pp. 18, 21-22 (*Code Ann.* § 6-804).

Section 12 provides in part as follows: "Within five (5) days after the date of filing of the transcript of evidence and proceedings by the appellant or appellee, as the case may be, it shall be the duty of the clerk of the trial court to prepare a complete copy of the entire record of the case, omitting only those things designated for omission by the appellant and which were not designated for inclusion by the appellee, together with a copy of the notice of appeal and copy of any notice of cross appeal, with date of filing thereon, and transmit the same, together with the transcript of evidence and proceedings, to the appellate court together with his certificate as to the correctness of the record . . . If for any reason the clerk is unable to transmit the record and transcript within the time hereinbefore required, or when an extension of time was obtained under Section 6 hereof, he shall state in his certificate the cause of the delay, and the appeal shall not be dismissed . . ." Ga. L. 1966, pp. 493, 497.

The judgment appealed from in the present appeal was entered on September 14, 1965. The notice of appeal was filed on September 15, 1965. The transcript of the evidence was filed in the office of the Clerk of the Superior Court of Glynn County on March 18, 1966. The record does not show any extension of time allowed for the filing of the transcript. The clerk's certificate does not state the reason for the delay. The brief of the appellant, in reply to the appellee's motion to dismiss, does not contend that any extension of time was requested or granted for the filing of the transcript, but contends only that the failure to file the transcript within the required time should not cause a dismissal of the appeal since it is not one of the grounds for dismissal under § 13 of the Appellate Practice Act. Ga. L. 1966, pp. 493, 500.

In *George v. American Credit Control*, 222 Ga. 512 (150 SE2d 683), this court dealt with a delay of 70 days in transmitting a record to this court caused by the failure to pay costs. In that case Chief Justice Duckworth, speaking for the court, cited the Constitution, Art. VI, Sec. II, Par. V (*Code Ann.* § 2-3705), and decisions of this court with reference to delays caused by the party seeking review, or his counsel, and held: "Justice delayed is often justice denied. This court seeks to uphold the laws and expedite its hearings and to make certain the administration of justice without delay. We must continue to conform to this practice. It follows that this case was not filed in this court in the prescribed time, nor is the delay tolled by operation of law. This court will not consider this appeal which represents a stale one caused by the laches of the appellant, and it is dismissed under the authority of the Constitution, . . . the laws and past decisions and Rule 8 of this court."

By the same reasoning applied in *George v. American Credit Control*, supra, the present case is one that this court can not consider because of the failure to follow the mandatory provisions of the Appellate Practice Act regarding the filing of the transcript.

*Appeal dismissed. All the Justices concur.*