42631. STATE HIGHWAY DEPARTMENT v. HICKS et al.

PER CURIAM. This appeal was docketed in our court January 23, 1967. A motion to dismiss was filed upon the ground that the transcript of the evidence was not filed within 30 days after the filing of the notice of appeal, nor was any order applied for extending the time for filing.

When the case was argued before us we were of the opinion that the motion to dismiss was good under the ruling of *Davis v. Davis,* 222 Ga. 579 (151 SE2d 123). However, within a few days after arguments were had the General Assembly adopted an amendment to the Appellate Practice Act, which was approved March 30, 1967, by which it is provided in § 3, amending § 13 of the Act, that "An appeal shall not be dismissed nor consideration thereof refused because of failure of the court reporter to file the transcript of evidence and proceedings within the time allowed by law or order of the court, unless it affirmatively appears from the record that such failure was caused by the appellant."

Since the amendment is remedial in character, we gave it retroactive effect under the rulings in *City of Valdosta v. Singleton,* 197 Ga. 194, 208 (28 SE2d 759) and *Fulton County v. Spratlin,* 210 Ga. 447 (2) (80 SE2d 780), as in similar instances we had done in *Horton v. Western Contr. Corp.,* 113 Ga. App. 613 (149 SE2d 542), *St. Paul Fire &c. Ins. Co. v. Postell,* 113 Ga. App. 862, 865 (149 SE2d 864), and *Wood v. Mobley,* 114 Ga. App. 170 (150 SE2d 358), and denied the motion.

On motion for rehearing the Amendment of March 30, 1967 is attacked as being void and of no effect because of the lack of an enacting clause. Examination of the amendment reveals that indeed it does not have an enacting clause. Appellant cites *Walden v. Town of Whigham,* 120 Ga. 646 (48 SE 159) and *Fowler v. Stone,* 149 Ga. 125 (99 SE 291). Our research of this problem leads to the conclusion that a

constitutional question is raised by the attack on the amendment for lack of an enacting clause.

Although the Constitution, of this state carries no provision requiring an enacting clause, as does that of most of the states—Virginia, Delaware and Pennsylvania apparently being the only others which do not—the philosophy of the requirement of an enacting clause, outlined by the Supreme Court of Tennessee in State v. Burrow, 119 Tenn. 376, 388 (104 SW 526), and as dealt with in 1 Sutherland, Statutory Construction, Ch. 18, § 1801, et seq., certainly impels one to conclude that it is a constitutional issue. Constitutional provisions for the enactment of legislation are found in Art. III, Sec. VII (*Code Ann.* § 2-1901 et seq.).

It is true that the issue was not raised in the trial court—but there was no opportunity to do it. The Amendment was not adopted until after the case was argued before us. In a similar situation the Supreme Court held that the attack could be made in the appellate court and the appellate court should rule on it. *Calhoun v. State Hwy. Dept.*, 223 Ga. 65, 67 (2) (153 SE2d 418).

The Court of Appeals has no jurisdiction to pass upon the constitutionality of an Act of the General Assembly, that power being vested in the Supreme Court.

Consequently, we transfer this appeal to the Supreme Court.

*Transferred to the Supreme Court. Felton, C. J., Hall and Eberhardt, JJ., concur.*

ARGUED MARCH 6, 1967—DECIDED MAY 5, 1967.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for appellant.

*Zachary & Hunter, W. E. Zachary, Sr., John C. Hunter, E. H. Stanford,* for appellees.