### 24057. JOINER v. THE STATE.

UNDERCOFLER, Justice. Appellee filed a motion to dismiss the appeal in this case because the transcript of evidence was not filed within the time prescribed by law and no proper application for an extension of time was made.

The record shows that the notice of appeal was filed on January 4, 1967. On Friday, February 3, 1967, the last day for filing the transcript of evidence, the court reporter notified appellant's attorney that he would be unable to complete the transcript that day. Appellant's attorney avers by affidavit that he was unable to locate two of the three judges of the circuit to obtain an extension of time for the filing of such transcript of evidence although he made a diligent effort. He did locate the third judge at his home by telephone but he declined to sign the order of extension since he had not been the trial judge. Appellant's attorney then mailed the application for an extension of time to the trial judge. It was received Monday, February 6, 1967, and the trial judge refused to sign it because it had not been submitted to him within the time required by statute. The trial judge in a detailed certificate shows that he was in chambers and in his

office on Friday, February 3, 1967, from approximately 9 a.m. to 5 p.m., except during a brief lunch period, and at his home after 5 p.m. He states that appellant's attorney did not call on him personally or contact him by telephone either at his office or residence on this day nor did he leave any message with his secretary. He further states, "Under the above circumstances, the court is constrained to say that [appellant's attorney] made no effort to present any court order or petition to him during Friday, February 3, 1967." *Held:*

The Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 21, 26), as amended, requires the transcript of evidence to be filed within 30 days after the filing of the notice of appeal (*Code Ann.* § 6-806) or an application must be made within that period for an extension of time for such filing (*Code Ann.* § 6-804). This court has repeatedly held that the provisions of this Act are mandatory and unless complied with the appeal must be dismissed. *Davis v. Davis*, 222 Ga. 579 (151 SE2d 123); *Threatt v. McElreath*, 223 Ga. 153 (154 SE2d 20); and *Fleming v. Sanders*, 223 Ga. 172 (154 SE2d 14).

On March 30, 1967 the Governor approved what is termed the "Appellate Practice Act of 1965 Amended. No. 114 (House Bill No. 157)." Section 3 thereof states, in part, "An appeal shall not be dismissed nor consideration thereof refused because of failure of the court reporter to file the transcript of evidence and proceedings within the time allowed by law or order of court, unless it affirmatively appears from the record that such failure was caused by the appellant." This purported amendment contains no enacting clause and the question arises whether this omission invalidates this purported amendment so that the Appellate Practice Act of 1965 as previously amended remains unchanged by it.

A study of this question reveals that, "All written laws, in all times and in all countries, whether in the form of decrees issued by absolute monarchs, or statutes enacted by king and council, or by a representative body, have, as a rule, expressed upon their face the authority by which they were promulgated or enacted. The almost unbroken custom of centuries has been to preface laws with a statement in some form declaring the enacting authority." Sjoberg v. Security Sav. &c. Assn., 73 Minn. 203 (75 NW 1116, 72 ASR 616); 50 AmJur 132, § 153. It is interesting to note that the use of an enacting clause first appeared in the Acts of Parliament in

1433 and from the year 1445 it has continued to be a regular part of English statutes. Holdsworth, A History of English Law (1909), Vol. II, p. 366. "The enacting clause is that portion of a statute which gives it jurisdictional identity and constitutional authenticity. The form is almost completely standardized beginning with, 'Be it enacted by,' and concluding with an identification of the legislative body from which the act emanates. The constitutions of forty-four [now 46] states specify the form of the enacting clause. Only the constitutions of Delaware, Georgia, Pennsylvania, and Virginia, as well as the Constitution of the United States, are silent on the point . . . [and] Congress, by statute, [Act of Feb. 25, 1871, c. 71, 16 Stat. 431, 1 USCA 21] has provided a specific form of enacting clause." Sutherland on Statutory Construction (3rd Ed. 1943), Vol. 1, p. 315, § 1801.

"The purpose of an enacting clause is to establish the act; to give it permanence, uniformity and certainty; to afford evidence of its legislative, statutory nature, and to secure uniformity of identification, and thus prevent inadvertence, possible mistake, and fraud." 82 CJS 104, § 65 (c 2). See *Coley v. Henry,* 42 Ga. 61. Although it might be argued that an enacting clause is a mere matter of form, a relic of antiquity, and serves no useful purpose, we think it is essential for the reasons just cited. Traditionally, the General Assembly of Georgia has used an enacting clause.

The necessity for an enacting clause in an Act of the General Assembly has never been decided directly by this court but in *Walden v. Town of Whigham,* 120 Ga. 646, 647 (48 SE 159), the court refused to give effect to a purported charter amendment of that town because the amendatory measure contained no enacting clause whatever and consisted merely of the caption of the Act and a repealing clause. This case was later distinguished in *Fowler v. Stone,* 149 Ga. 125 (99 SE 291), because the Act there involved was held to contain an enacting clause.

Accordingly, we hold that the "Appellate Practice Act of 1965 Amended. No. 114 (House Bill No. 157)," is a nullity and of no force and effect as law.

Furthermore, in our opinion the action of the appellant in this case in seeking an extension of time in which to file the transcript of evidence was insufficient to meet the mandatory requirements of the Appellate Practice Act of 1965 (Ga. L.

1965, pp. 18, 21, 26, *Code Ann.* §§ 6-804, 6-806) as amended and the appeal must be and is dismissed.

*Appeal dismissed. All the Justices concur.*

Argued May 8, 1967—Decided May 18, 1967.

*Albert Ingram, McDonald C. Haynie, Thomas M. Odom, G. Hughel Harrison,* for appellant.

*George Hains, Solicitor General, Arthur K. Bolton, Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, Hardaway Young, III,* for appellee.