42807, 42836.   PUCKETT et al. v. EDMONDS (two cases).

HALL, Judge. The appellant has two notices of appeal. No. 42836 is from a judgment of the trial court dismissing an appeal from a judgment of the trial court in an election contest. No. 42807 is an appeal from the latter judgment. The appellee filed a motion to dismiss No. 42807 on the ground the transcript was not filed within thirty days of the filing of the notice of appeal as required by *Code Ann.* § 6-806 nor was any extension of time allowed by the trial judge within the thirty days.

In *Davis v. Davis*, 222 Ga. 369 (149 SE2d 802), the Supreme Court held that "the judges of the superior courts have no jurisdiction to dismiss an appeal" after an appellant files his

notice of appeal. It has been held that where a notice of appeal has been filed and a trial judge fails to exercise *his jurisdiction* in extending the time for filing the transcript of the evidence before expiration of the original time prescribed for filing, the appellate courts have no jurisdiction to review the appeal. *Davis v. Davis,* 222 Ga. 579 (151 SE2d 123). It has been held that the appellate court must dismiss the appeal under these circumstances even though the trial judge entered an order stating that the delay was "through no fault of the appellant," (*Threatt v. McElreath,* 223 Ga. 153 (154 SE2d 20)), the reasoning behind the dismissals being the laches (delay plus prejudice) of the appellant and the inherent power of the judiciary. *George v. American Credit Control, Inc.,* 222 Ga. 512 (150 SE2d 683). Six days delay has been held to require a mandatory dismissal. *Fleming v. Sanders,* 223 Ga. 172 (154 SE2d 14).

The mandate of the General Assembly of Georgia in enacting the Appellate Practice Act of 1965 was that this Act "shall be liberally construed so as to bring about a decision on the merits of every case appealed, and to avoid the dismissal of any case . . ." (Sec. 23, Ga. L. 1965, pp. 18, 40). In furtherance of this previous mandate, the 1967 session of the General Assembly enacted an amendment to the Act, which among other things, stated that ". . . An appeal shall not be dismissed nor consideration thereof refused because of failure of the court reporter to file the transcript of evidence and proceedings within the time allowed by law or order of court, unless it affirmatively appears from the record that such failure was caused by the appellant." In keeping with the mandate, this court denied a motion to dismiss in *Teper v. Weiss,* 115 Ga. App. 621 (    SE2d   ) where a transcript was filed thirty-two days after the notice of appeal.

On May 18, 1967, the Supreme Court of Georgia struck down the above 1967 amendment. *Joiner v. State,* 223 Ga. 367 (    SE2d    ). Therefore, unless and until there is further legislative action, the law thus remains as it was prior to this attempted amendment and presumably any delay in the filing of the transcript, no matter how minor, requires a dismissal of the case.

*Judgment reversed in Case No. 42836. Appeal dismissed in Case No. 42807. Felton, C. J., and Eberhardt, J., concur.*

ARGUED MAY 3, 1967—DECIDED MAY 23, 1967.

*Scott Walters, Jr.,* for appellants.
*Kemp & Watson, John L. Watson,* for appellee.