24916.   FAHRIG v. GARRETT et al.

NICHOLS, Justice.   The notice of appeal in this case was filed on August 22, 1968, and stated that a transcript of the evidence would be filed for inclusion in the record on appeal. The transcript was not filed in the trial court until October 1, 1968.   No extension of time for filing the transcript appears in the record, and the clerk of the trial court certified that the delay in transmitting the record to this court was caused by the late filing of the transcript of the evidence.

1. Prior to the enactment of the 1968 amendment to the Appellate Practice Act of 1965 (Ga. L. 1965, p. 18; Ga. L. 1968, p. 1072), it was well settled that the failure to file a transcript of the evidence adduced in the trial court within 30 days after filing the notice of appeal, or within the time of any extension properly granted, would result in the dismissal of the appeal by this court.   See *Davis v. Davis,* 222 Ga. 579 (151 SE2d 123); *Culver v. Sisk,* 223 Ga. 519 (156 SE2d 352), and citations.

2. The addition of the language to the Appellate Practice Act by § 2 of the 1968 amendment, supra, was to permit the final disposition of the case by the trial court. Where a notice of appeal is filed and the costs are not paid or transcript filed the judgment lies dormant and the winning party could not enforce his judgment. Prior to such amendment the trial court could not dismiss such an appeal. See *Davis v. Davis,* 222 Ga. 369 (149 SE2d 802); *Puckett v. Edmonds,* 115 Ga. App. 776 (156 SE2d 151); *McCluskey v. American Oil Co.,* 116 Ga. App. 145 (156 SE2d 383).

The addition to such Act of the last sentence of § 3 of the 1968 amendatory Act, supra, likewise does not change the responsibility of this court under the Constitution. As was said in *George v. American Credit Control, Inc.,* 222 Ga. 512 (150 SE2d 683): "This court will not consider this appeal which represents a stale one caused by the laches of the appellant and it is dismissed under the authority of the Constitution (*Code Ann.* § 2-3705), the laws and past decisions . . . of this court."

An appeal before this court must be decided on the record sent up. The appellant is bound to file the transcript of the evidence within 30 days of the filing of his notice of appeal, or if the transcript cannot be obtained within that time he must obtain an extension of time to file the transcript. The burden is his. When, according to the record here, he does not timely file such transcript, it can only be said that it affirmatively appears from the record that such failure was caused by the appellant.

*Appeal dismissed. All the Justices concur.*
ARGUED NOVEMBER 12, 1968—DECIDED NOVEMBER 21, 1968—
REHEARING DENIED DECEMBER 5, 1968.

*Aultman, Hulbert, Buice & Cowart, Robert L. Hartley, Jr.,* for appellant.
*Culpepper & Culpepper, Sampson M. Culpepper,* for appellees.

