### 43727. MARTIN THEATRES OF GEORGIA, INC. v. LLOYD.

WHITMAN, Judge. Appellee filed a motion to dismiss the appeal in this case on the ground that the transcript of evidence was not filed within the time prescribed by law.

The following order appears in the record in this case: "Defendant's motion to extend the time for filing transcript of evidence is denied. . . (a) The original notice of appeal was filed on October 13, 1967, and thereafter the first order extending time for filing a transcript of evidence was not presented until November 13, 1967, and secured on that date, which was more than thirty days from the filing of the notice of appeal. (b) On December 13, 1967, an order extending time for filing transcript until February 1, 1968, was procured by defendant, but no transcript was filed on or before February 1, 1968, nor was any order extending the time for filing same procured on or before February 1, 1968. This 30th day of March, 1968."

The thirtieth day after the filing of the notice of appeal fell on Sunday, November 12, 1967, and pretermitting any question of the legal timeliness of the order of the trial court entered on Monday, November 13, 1967, purporting to extend the time for filing transcript until December 13, 1967, the transcript was not filed on or before December 13, 1967, nor was the transcript filed on or before February 1, 1968 as provided in the order of the trial court of December 13, 1967. (In respect of exclusion of Saturday and Sunday, see *Code Ann.* § 102-102 (8); cf. *Code Ann.* § 81A-106).

It further appears in the record that the defendant in the court below, appellant here, presented to the trial court on March 26, 1968, a motion "to enter an order nunc pro tunc to February 1, 1968, extending the time of filing the trial tran-

script," on which the trial court entered an order on that date returnable on March 30, 1968, and that on March 30, 1968 the trial court "after hearing evidence from both sides of the case and after argument of counsel," entered an order denying such motion.

It further appears in the record that the transcript was filed in the trial court on April 25, 1968 and in this court on May 2, 1968.

Appellant appeals only from the judgment of date September 14, 1967, on the verdict, and there is no enumeration of error on the judgment of March 30, 1968, denying appellant's motion to extend the time for filing the transcript.

"The Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 21, 26), as amended, requires the transcript of evidence to be filed within 30 days after the filing of the notice of appeal (*Code Ann.* § 6-806) or an application must be made within that period for an extension of time for such filing. (*Code Ann.* § 6-804). This court has repeatedly held that the provisions of this Act are mandatory and unless complied with the appeal must be dismissed. *Davis v. Davis,* 222 Ga. 579 (151 SE2d 123); *Threatt v. McElreath,* 223 Ga. 153 (154 SE2d 20); and *Fleming v. Sanders,* 223 Ga. 172 (154 SE2d 14)." *Joiner v. State,* 223 Ga. 367, 368 (155 SE2d 8).

With regard to obtaining extensions of time for filing a transcript, *Code Ann.* § 6-804 (Ga. L. 1965, pp. 18, 21) provides that "any application . . . for an extension *must be made before expiration* of the period for filing as originally prescribed. (Emphasis supplied.)

Under these authorities, the appeal must be dismissed. We have had regard to the 1968 Amendments to the Appellate Practice Act (Ga. L. 1968, p. 1072, et seq.), but find that the same result still obtains. See *Fahrig v. Garrett,* 224 Ga. 817; *Hardy v. D. G. Machinery &c. Co.,* 224 Ga. 818.

*Appeal dismissed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED JUNE 3, 1968—DECIDED DECEMBER 3, 1968—

REHEARING DENIED DECEMBER 17, 1968—

*Congdon & Williams, W. Barry Williams,* for appellant.
*Randall Evans, Jr.,* for appellee.