### 44273. CALLOWAY v. THE STATE.

WHITMAN, Judge. "The Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 21, 26) as amended, requires the transcript of evidence to be filed within 30 days after the filing of the notice of appeal (*Code Ann.* § 6-806) or an application must be made within that period for an extension of time for such filing (*Code Ann.* § 6-804). This court has repeatedly held that the provisions of this Act are mandatory and unless complied with the appeal must be dismissed. *Davis v. Davis,* 222 Ga. 579 (151 SE2d 123); *Threatt v. McElreath,* 223 Ga. 153 (154 SE2d 20); and *Fleming v. Sanders,* 223 Ga. 172

(154 SE2d 14)." *Joiner v. State,* 223 Ga. 367, 368 (155 SE2d 8).

With regard to obtaining extensions of time for filing a transcript, *Code Ann.* § 6-804 (Ga. L. 1965, pp. 18, 21) provides that "any application . . . for an extension *must be made before expiration* of the period for filing as originally prescribed." (Emphasis supplied.)

The Supreme Court has held that the 1968 amendments to the Appellate Practice Act (Ga. L. 1968, p. 1072 et seq.) work no change in this regard. *Fahrig v. Garrett,* 224 Ga. 817 (165 SE2d 126); *Hardy v. D. G. Machinery & Gage Co.,* 224 Ga. 818 (165 SE2d 127).

In this case, the notice of appeal was filed on July 24, 1968. Thereafter an order was entered on July 29, 1968, granting a "motion to extend the time for filing the appeal from the 24th day of July, 1968, to an additional thirty (30) days." However, the transcript was not filed within the extended time and no additional extensions for filing were applied for. On December 2, 1968, the transcript was filed.

The above decisions are controlling and the appeal must be dismissed.

*Appeal dismissed. Jordan, P. J., concurs. Hall, J., concurs specially.*

Argued February 5, 1969—Decided February 12, 1969.

*John D. Watkins,* for appellant.

*R. William Barton, District Attorney, E. Freeman Leverett,* for appellee.

Hall, Judge, concurring specially. Prior to 1968, the Supreme Court of Georgia had construed the provisions of the Appellate Practice Act of 1965 concerning the time for filing the transcript of evidence as mandatory and when not complied with to require dismissal of an appeal. *Joiner v. State,* 223 Ga. 367, 368 (155 SE2d 8). In order to make the intention of the legislative branch of government clear in this regard, the General Assembly amended the Appellate Practice Act in 1968 to provide that "An appeal shall not be dismissed nor consideration thereof refused because of failure of the court reporter to file the transcript of evidence and proceedings within the time allowed by

law or order of court, unless it affirmatively appears from the record that such failure was caused by the appellant." Ga. L. 1968, pp. 1072, 1074. The amendment also provided that even where it did affirmatively appear from the record, this was a ground for dismissal of the appeal by the trial court, but not by the appellate court. *Lake Spivey Parks v. Jones,* 118 Ga. App. 60, 62 (162 SE2d 801). However, the Supreme Court refused to follow the 1968 amendment on the theory that notwithstanding any Act of the legislature it has inherent constitutional authority to dismiss any appeal for any reason it deems fit, and held that the time for filing the transcript of evidence is mandatory and unless complied with the appeal must be dismissed whether before the Supreme Court or the Court of Appeals. *Fahrig v. Garrett,* 224 Ga. 817 (2), supra; *Hardy v. D. G. Machinery & Gage Co.,* 224 Ga. 818, supra. See special concurrence in *D. G. Machinery & Gage Co. v. Hardy,* 119 Ga. App. 194.

In my opinion the dismissal of the appeal in this *criminal case* upon such a tickey technicality amounts to a denial of due process of law. However, this court has no alternative but to follow the Supreme Court of Georgia.