44570, 44571, 44572. DOWLING v. THE STATE (three cases).

WHITMAN, Judge. Each of these cases involves an appeal from a judgment of conviction and sentence for burglary. The enumeration of errors in each case requires a review of the transcript of the proceedings and evidence.

The Appellate Practice Act provides that the notice of appeal, whether in a criminal or civil matter, *shall state* whether or not any transcript of evidence and proceedings is to be transmitted as a part of the record on appeal. Ga. L. 1965, pp. 18, 20; 1966, pp. 493, 495 (*Code Ann.* § 6-802). "Where there is a transcript of evidence and proceedings to be included in the record on appeal, the appellant shall cause the

transcript to be prepared and filed as provided by Section 6-805. . . The party having the responsibility of filing the transcript shall cause it to be filed within 30 days after filing of the notice of appeal . . . unless the time is extended as provided in Section 6-804. In all cases, it shall be the duty of the trial judge to grant such extensions of time as may be necessary to enable the court reporter to complete his transcript of evidence and proceedings." Ga. L. 1965, pp. 18, 26 (*Code Ann.* § 6-806).

Under the Appellate Practice Act, as amended, through and including the amendment of 1968, our Supreme Court has held that: "The appellant is bound to file the transcript of the evidence within 30 days of the filing of his notice of appeal, or if the transcript cannot be obtained within such time he must obtain an extension of time to file such transcript. The burden is his." Failure to do so requires dismissal of the appeal. *Fahrig v. Garrett,* 224 Ga. 817, 818 (165 SE2d 126), citing *Davis v. Davis,* 222 Ga. 579 (151 SE2d 123); *Culver v. Sisk,* 223 Ga. 519 (156 SE2d 360). And see *Joiner v. State,* 223 Ga. 367, 368 (155 SE2d 8).

In the cases before us each notice of appeal was filed on January 6, 1969. The transcripts in each case were filed below on June 25, 1969. No extension of time for filing the transcript appears in the record. In fact, it was not until May 16, 1969 (the appeals were docketed in this court on April 28, 1969) that a request for a transcript was made by an "amendment" to each notice of appeal. The amendments are not shown in the records but appear in motions of the appellants made to this court. Even assuming the original notices of appeal could be so amended at such point in time, it was still more than 30 days from the "amendments," and without requested time extensions, that the transcripts were filed below.

*The appeal in each case is dismissed. Jordan, P. J., and Hall, P. J., concur.*

Submitted September 8, 1969—Decided December 1, 1969— Rehearing denied December 16, 1969—

*Copland & Finley, James B. Finley,* for appellants.
*Fred Hand, Jr., District Attorney,* for appellee.

HALL, Presiding Judge, concurring. Because of decisions of the Supreme Court of Georgia I have no alternative but to concur in invitum in the dismissal of the appeals in these three criminal cases. For my views on this matter see *D. G. Machinery &c. Co. v. Hardy,* 119 Ga. App. 194 (166 SE2d 580) and *Calloway v. State,* 119 Ga. App. 194, 195 (166 SE2d 613).

I cannot help being reminded of a most learned observation by a distinguished former President of the Georgia Bar—the Honorable Howell Hollis—made on January 8, 1965, before the Supreme Court of Georgia. The occasion was a public hearing on the Report of the Supreme Court Rules Committee. Mr. Hollis said: "I respectfully suggest to the court that every technical dismissal of a case in the appellate courts results not only in a possible miscarriage of justice to the parties but also in a loss of respect for the courts."