## 51183. THE STATE v. WEEKS.

MARSHALL, Judge.

The state appeals the grant by the trial judge of a plea in bar to trial based upon an alleged denial of a speedy trial. Appellee Weeks was arrested on May 23, 1973, and indicted on June 5, 1973, in two indictments for violations of the Georgia Drug Abuse Control Act. Weeks made bond the same day as her arrest and has not been confined throughout the ensuing pre-trial proceedings. In July, 1973, the contraband confiscated from Weeks' apartment was carried to a state crime laboratory for analysis. In early January, 1974, the crime laboratory completed its analysis and returned the results to the state prosecutor. Weeks was brought to trial in January, 1974. She was prepared for trial and had her witnesses present. The state, because of erroneous identification of a part of the drugs by a field agent, had charged Weeks

incorrectly in one indictment and moved for nolle prosequi on one of the two indictments. This was granted but the other indictment remained open. On January 22, 1974, a third indictment was returned against Weeks, consolidating all charges in the new indictment.

Trial was not pursued against Weeks on the new indictment until the end of August, 1974. At that time, because of scheduling conflicts, appellee's attorney sought a continuance until October, 1974. In October, Weeks entered a plea of not guilty following an unsuccessful motion to suppress all evidence resulting from the search of her apartment in May, 1973. On October 30, 1974, Weeks changed her plea from not guilty to nolo contendere and this plea was accepted by the trial court. When she appeared for sentencing on December 9, 1974, appellee Weeks withdrew her plea of nolo contendere, entered a plea of not guilty and moved to dismiss the charges on the ground she had been denied a speedy trial. This motion was heard and granted on January 10, 1975. The primary bases for this motion were the passage of time and the loss of two character witnesses.

The state was unable expeditiously to obtain the transcript of the proceedings following the filing of its notice of appeal on January 21, 1975. It obtained two 30-day extensions, but the file does not reflect any attempts by the state to extend by court order the filing time after March 27, 1975. The transcript was not available until June 25, 1975, and the transcript was actually filed with this court on July 8, 1975. This was some 73 days following the last request for an extension of time. *Held:*

1. We find the actions of the state in this case to be dilatory at best. This court cannot demand perfect administration but does expect reasonable attention to the processing of cases, and particularly in the case of a criminal action fostered by the state against one of its citizens.

Under the facts of this case, we would not hesitate to invoke the sanction implied in Ga. L. 1965, pp. 18, 26 (Code Ann. § 6-806) against the state for failing either to file the transcript within 30 days after the filing of the

notice of appeal or obtaining the necessary extension of time required by § 6-806 and authorized by Ga. L. 1965, pp. 18, 21 (Code Ann. § 6-804). The state failed to file its first motion for extension within 30 days and neglected to file any motion for extension during the last 73 days. ". . . presumably any delay in the filing of the transcript, no matter how minor, requires a dismissal of the case." *Puckett v. Edmonds,* 115 Ga. App. 776, 777 (156 SE2d 151).

However, appellee raises her objection to the delinquent filing for the first time before this court. "No objection on this ground was made and ruled upon in the trial court prior to transmittal. Appellee's failure to invoke a ruling by the trial court on this ground constitutes a waiver. Rule 11 (c) (124 Ga. App. 873)." *Bratten Apparel, Inc. v. Lyons Textile Mill, Inc.,* 129 Ga. App. 384, 385 (199 SE2d 632). Appellee's motion in this court to dismiss this appeal based on delinquent filing of the transcript must be denied.

2. Likewise, we have difficulty with appellee's contention and the trial court's conclusion that she has been denied a speedy trial. Noticeably absent at any time during the approximately 20 months from arrest to the granting of the motion for dismissal in January, 1975, is any demand for trial under the Georgia demand statute. Code Ann. § 27-1901 (Cobb, 836; 115 Ga. 578 (41 SE 983); 126 Ga. 580 (55 SE 487)). We look, therefore, to her rights to a speedy trial conferred by the Constitutions of the United States and the State of Georgia. *Hall v. State,* 131 Ga. App. 786 (206 SE2d 644).

In Barker v. Wingo, 407 U. S. 514 (92 SC 2182, 33 LE2d 101), the Supreme Court of the United States identified four factors which it stated the court should weigh in balancing the conduct of the prosecution and the defendant on the issue of the denial of the constitutional right to a speedy trial. These four factors are: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant.

(1)   Twenty months is a long period to delay the prosecution of a case.

(2)   The record before us is not entirely silent as to the reasons for the delay. There is an absence of evidence or

indeed allegation that the state deliberately attempted to delay the trial in order to hamper the defense. There is evidence of the more neutral reasons that the state crime laboratory was overworked and understaffed and that possibly the state was suffering under a misapprehension induced by one of the defense attorneys that Weeks wanted to delay the trial and "turn state's evidence."

(3) Appellee admits she did not assert her right to demand a speedy trial but seeks to excuse her failure at least from January until September, 1974, on the grounds she was not aware she had been re-indicted in January, 1974. There was, nevertheless, an outstanding indictment from June, 1973, that had not been subjected to nolle prosequi. Barker, supra, held that although the primary burden is on the court and the prosecutors to assure that cases are brought to trial, a defendant has some responsibility to assert a speedy trial claim. In the Barker case, the fact that Barker was prejudiced to some extent by living for over four years under a cloud of suspicion and anxiety was considered to be overshadowed by the fact that Barker himself was not anxious to go to trial. The same situation exists here. The development of this case clearly indicates the defendant Weeks was not anxious to go to trial and took her chances on the possibility that the charges had been dropped or would not be pursued. This course of action compels a conclusion that appellee has not been prejudiced by the delay. *Underhill v. State,* 129 Ga. App. 65 (198 SE2d 703).

(4) The fourth factor to be considered in the balance test under Barker is prejudice to the defendant. Prejudice should be assessed in the light of the interests of the defendant which the right to speedy trial was designed to protect. Three such interests are identified in Barker: (i) to prevent oppressive pre-trial incarceration; (ii) to minimize anxiety and concern of the defendant; and (iii) to limit the possibility that defense will be impaired.

Weeks has never been incarcerated for the offenses under indictment, therefore oppressive pre-trial incarceration did not apply to her. Since apparently she believed the charges had been dropped against her after January, 1974, she had no reason to suffer anxiety. She does contend, however, that because two witnesses who

were present and willing to testify for her in January, 1974, are now absent, she has suffered prejudice in her defense. At the time argument on the motion to dismiss was presented, it was established that Weeks' primary defense would be denial of wrong and credibility would be the issue. Appellee mentioned some eight witnesses, all of whom would offer evidence of her good character. There was some additional indication that one of the missing witnesses was a qualified chemist and could offer evidence as to the drugs involved. There was no indication as to the nature of that testimony other than it was "most important to her defense." Appellee knew where one witness was located and was unable to locate the other on short notice. There is little or no indication that either witness was irrevocably lost to defendant, that the testimony would be admissible in some form, or that it was not purely cumulative. Under these facts, we conclude that appellee's defense has not been impaired in any way. See *Turner v. State,* 43 Ga. App. 799 (11), 813 (160 SE 509).

When the factors established in the Barker case are balanced here, we hold that the judicial discretion of the trial court was abused. See *Treadwell v. State,* 233 Ga. 468 (211 SE2d 760).

*Judgment reversed. Bell, C. J., and Webb, J., concur.*

SUBMITTED OCTOBER 6, 1975 — DECIDED NOVEMBER 10, 1975 — REHEARING DENIED NOVEMBER 19, 1975.

*Richard E. Allen, District Attorney, Richard L. Powell, Assistant District Attorney,* for appellant.
*Saul, Blount & Avrett, Percy J. Blount,* for appellee.